Laurence M. Rosen, Esq. (SBN 219683)
THE ROSEN LAW FIRM, P.A.
355 South Grand Avenue, Suite 2450
Los Angeles, CA 90071
Telephone: (213) 785-2610
Facsimile: (213) 226-4684
Email: lrosen@rosenlegal.com

Peter Safirstein, Esq.
Elizabeth Metcalf, Esq.
SAFIRSTEIN METCALF LLP
1250 Broadway, 27th Floor
New York, NY 10001
Telephone: (212) 201-2855
Email: psafirstein@safirsteinmetcalf.com
          emetcalf@safirsteinmetcalf.com

[Proposed] Lead Counsel for Plaintiffs

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION

| | |
|---|---|
| ROBERT READ, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED, <br><br> Plaintiff, <br><br> vs. <br><br> AMIRA NATURE FOODS LTD., KARAN A. CHANANA, BRUCE C. WACHA, RITESH SUNEJA, AND ASHISH PODDAR, | No.  2:15-cv-00957-FMO-PJW <br><br> **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION OF PLAINTIFFS ROBERT READ AND HIROSHI SUZUKI FOR RELIEF FROM THIS COURT'S ORDER ON THE MOTION TO DISMISS UNDER FED. R. CIV. P. 60(b) AND LEAVE TO INTERVENE AS LEAD PLAINTIFF, SUBSTITUTE LEAD COUNSEL AND AMEND SECOND AMENDED COMPLAINT** |

| | |
|---|---|
| Defendants. | <u>CLASS ACTION</u><br><br>JUDGE: Hon. Fernando M. Olguin<br>Hearing Date/Time:  September 29, 2016<br>10:00 a.m.<br>Ctrm: 22-5th Floor (Spring Street) |
| DAVID C. SUND, Individually and On Behalf of All Others Similarly Situated,<br><br>            Plaintiff,<br><br>            vs.<br><br><br>AMIRA NATURE FOODS LTD., KARAN A. CHANANA, BRUCE C. WACHA, RITESH SUNEJA, AND ASHISH PODDAR,<br><br>            Defendants. | No. 8:15-cv-00280-FMO-PJW<br><br><u>CLASS ACTION</u> |

## <u>MEMORANDUM OF POINTS AND AUTHORITIES</u>

# TABLE OF CONTENTS

I.   **INTRODUCTION** ...................................................................1

II.   **STATEMENT OF FACTS AND PROCEDURE** ...........................2

III.   **ARGUMENT** ...................................................................5

  A.   **MOVANTS SHOULD BE PERMITTED TO REOPEN THE JUDGMENT PURSUANT TO RULE 60(b)** ......................5

  B.   **THIS COURT SHOULD APPOINT MOVANTS AS CO-LEAD PLAINTIFFS** ...................................................................7

    1.   **Intervention as of Right Under Rule 24(a) Should Be Granted**...9

      a. **The Motion to Intervene.** ........................................... 1710

      b. **Movants Have Significant Protectable Interest** ...............12

    2.   **Without Intervention, Movants' Ability to Protect Their Interests Would Be Impaired or Impeded.** ..................... 13

    3.   **Movants' Interests Are Not Adequately Represented.** .............. 14

  C.   **In the Alternative, Movants Should be Granted Permissive Intervention Under Rule 24(b).** ..................................... 15

IV.   **THIS COURT SHOULD APPROVE MOVANTS' SELECTION OF CO –LEAD COUNSEL** ........................................... 16

V.   **CONCLUSION** ................................................................... 17

MEMO. P&As ISO MTN. OF PLAINTIFFS ROBERT READ AND HIROSHI SUZUKI FOR RELIEF FROM THIS COURT'S ORDER ON THE MOTION TO DISMISS UNDER FED. R. Civ. P. 60(b) AND LEAVE TO INTERVENE AS LEAD PLAINTIFF, SUBSTITUTE LEAD COUNSEL AND AMEND SECOND AMENDED COMPLAINT -- No.  2:15-cv-00957-FMO-PJW

# TABLE OF AUTHORITIES

**Cases**

*California ex rel. Lockyer v. United States*,
   450 F.3d 436 (9th Cir. 2006) ..................................................... 13

*Carroll v. Nakatani*,
   342 F.3d 934 (9th Cir. 2003) ......................................................6

*Donnelly v. Glickman*,
   159 F.3d 405 (9th Cir. 1998) ..................................................... 15

*Exec. Risk Specialty Ins. Co. v. Rutter Hobbs & Davidoff, Inc.*,
   564 F. App'x 887 (9th Cir. 2014)......................................... 15, 16

*Freedom from Religion Found., Inc. v. Geithner*,
   644 F.3d 836 (9th Cir. 2011) ......................................................9

*Golden v. O'Melveny & Meyers LLP*,
   No. CV148725CASAGRX, 2016 WL 4168853 (C.D. Cal. Aug. 3, 2016) .6

*Harvest v. Castro*,
   531 F.3d 737 (9th Cir. 2008) ......................................................6

*Havensight Capital LLC v. People's Republic of China*,
   No. CV 15-01206 DDP FFMX, 2015 WL 1966890 (C.D. Cal. Apr. 30,
   2015) .......................................................................................6

*Lal v. California*,
   610 F.3d 518 (9th Cir. 2010) ......................................................6

*Latshaw v. Trainer Wortham & Co.*,
   452 F.3d 1097 (9th Cir. 2006) ....................................................6

*League of United Latin Am. Citizens v. Wilson*,
   131 F.3d 1297 (9th Cir. 1997) ................................................... 11

*Lee v. JP Morgan Chase Bank, N.A.*,

   No. 215CV4061CASGJSX, 2015 WL 7185422 (C.D. Cal. Nov. 12, 2015)

   ...................................................................................................5

*Life Alert Emergency Response, Inc. v. Lifewatch, Inc.*,

   No. 2:08-CV-02184-CAS, 2014 WL 2115189 (C.D. Cal. May 19, 2014) ..6

*Pellegrino v. Nesbit*,

   203 F.2d 463 (9th Cir. 1953) ......................................................... 8, 11, 12

*Sch. Dist. No. 1J, Multnomah Cty., Or. v. ACandS, Inc.*,

   5 F.3d 1255 (9th Cir. 1993) ...........................................................5

*Smith v. Los Angeles Unified Sch. Dist.*,

   No. 14-55224, 2016 WL 4011195 (9th Cir. July 27, 2016)............ 9, 10, 14

*Smith v. Marsh*,

   194 F.3d 1045 (9th Cir. 1999) ...................................................... 10

*Sw. Ctr. for Biological Diversity v. Berg*,

   268 F.3d 810 (9th Cir. 2001) .......................................................... 8, 9, 13

*U.S. ex rel. McGough v. Covington Techs. Co.*,

   967 F.2d 1391 (9th Cir. 1992) ....................................................... 10, 11

*United Airlines, Inc. v. McDonald*,

   432 U.S. 385, 97 S. Ct. 2464, 53 L. Ed. 2d 423 (1977) ........................ 8, 10

*United States v. Alisal Water Corp.*,

   370 F.3d 915 (9th Cir. 2004) .......................................................... 8, 10, 13

*United States v. City of Los Angeles, Cal.*,

   288 F.3d 391 (9th Cir. 2002) .......................................................... 9, 14

*United States v. State of Oregon*,

   745 F.2d 550 (9th Cir. 1984) .......................................................... 10

MEMO. P&As ISO MTN. OF PLAINTIFFS ROBERT READ AND HIROSHI SUZUKI FOR RELIEF
FROM THIS COURT'S ORDER ON THE MOTION TO DISMISS UNDER FED. R. Civ. P. 60(b) AND
LEAVE TO INTERVENE AS LEAD PLAINTIFF, SUBSTITUTE LEAD COUNSEL AND AMEND
SECOND AMENDED COMPLAINT -- No. 2:15-cv-00957-FMO-PJW

**Statutes**

15 U.S.C. § 77z-1(a)(3)(B)(iii)(II)(aa) ...................................................... 16

15 U.S.C. § 77z-1(a)(3)(B)(v) ................................................................. 16

15 U.S.C. § 78p(b)................................................................................... 11

15 U.S.C. § 78u-4(a)(3)(B) ......................................................................1

15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa) .................................................... 16

15 U.S.C. § 78u-4(a)(3)(B)(v) ................................................................ 16

**Rules**

Fed. R. Civ. P. 24................................................................................. 1, 8

Fed. R. Civ. P. 24(a) ........................................................................... 8, 9

Fed. R. Civ. P. 24(b) ..............................................................................8

Fed. R. Civ. P. 24(b)(3) ........................................................................ 15

Fed. R. Civ. P. 60(b)..................................................................... 1, 5, 17

Fed. R. Civ. P. 60(b)(6) ...................................................................... 5, 6

MEMO. P&As ISO MTN. OF PLAINTIFFS ROBERT READ AND HIROSHI SUZUKI FOR RELIEF
FROM THIS COURT'S ORDER ON THE MOTION TO DISMISS UNDER FED. R. Civ. P. 60(b) AND
LEAVE TO INTERVENE AS LEAD PLAINTIFF, SUBSTITUTE LEAD COUNSEL AND AMEND
SECOND AMENDED COMPLAINT -- No.  2:15-cv-00957-FMO-PJW

# I.   INTRODUCTION

Pursuant to Fed. R. Civ. P. 24 and 60(b)6, Plaintiff Robert Read and movant Hiroshi Suzuki ("Movants") submit this motion for relief and respectfully request that this Court grant relief from the Court's August 12, 2016 Order dismissing this action without prejudice.  (ECF No. 144).  Movants also request this Court appoint them representative plaintiffs in this action, and approve the substitution of their counsel, The Rosen Law Firm, P.A. ("Rosen") and Safirstein Metcalf LLP ("Safirstein"), as Co-Lead Counsel, pursuant to the Securities Exchange Act of 1934 ("Exchange Act") as amended by the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. § 78u-4(a)(3)(B).

By Order dated May 18, 2015, pursuant to the PSLRA, this Court appointed Steamfitters Local 449 ("Steamfitters") as Lead Plaintiff in this Action, approving its selection of Morgan & Morgan ("Morgan") as lead counsel in this case.  (ECF No. 54).  Morgan filed the Second Amended Complaint (ECF No. 77) ("SAC"). Morgan opposed Defendants' motion to dismiss (ECF Nos. 96, 105, 111) in October, 2015.  On April 4, 2016, Steamfitters moved to replace Morgan as lead counsel with Labaton Sucharow, LLP ("Labaton").  (ECF No. 120).   On April 20, 2016, Defendants filed notices of non-opposition to Local 449's motion for appointment of Labaton as lead counsel.  (ECF No. 138, 139).  On April 25, 2016, this Court removed the hearing on the appointment of lead counsel scheduled for May 26, 2016 from the calendar and appointed Labaton as lead counsel. (ECF No. 140).

On July 18, 2016 the Court entered an Order, dismissing the Complaint and requiring Steamfitters to file by August 4, 2016 an amended complaint, if any, curing any defects. (ECF No. 143).

MEMO. P&As ISO MTN. OF PLAINTIFFS ROBERT READ AND HIROSHI SUZUKI FOR RELIEF FROM THIS COURT'S ORDER ON THE MOTION TO DISMISS UNDER FED. R. CIV. P. 60(b) AND LEAVE TO INTERVENE AS LEAD PLAINTIFF, SUBSTITUTE LEAD COUNSEL AND AMEND SECOND AMENDED COMPLAINT -- No.  2:15-cv-00957-FMO-PJW

Steamfitters chose not to amend the Complaint. Movants have suffered losses due to Defendant's alleged violation of the federal securities laws, and believe that they can make sufficient progress in amending the Complaint and, if necessary, pursuing an appeal on behalf of themselves and the putative Class. Movants respectfully request, therefore, that this Court set aside its Order (ECF No. 54), appointing the Steamfitters and approving their attorneys as Lead Counsel, and, pursuant to the PSLRA, issue a new order, appointing Movants as Co-Lead Plaintiffs and approving their selection of the Rosen and Safirstein firms as Co-Lead Counsel. In addition, Movants seek an order, extending the deadline to file a Third Amended Complaint, so that they can vigorously pursue the claims on behalf of themselves and absent class members, including on appeal.

Movants support the following Memorandum with the accompanying Declarations of Laurence M. Rosen ("Rosen Decl."), Alessandra C. Phillips ("Phillips Decl.") and Peter Safirstein ("Safirstein Decl.") filed contemporaneously herewith.

## II.    STATEMENT OF FACTS AND PROCEDURE

On February 10, 2015, putative class member Robert Read, represented by Rosen, filed the first of the actions consolidated into this action, against Defendants for claims under Sections 10(b) and 20(a) of the Exchange Act and Sections 11 and 15 of the Securities Act.[1]

The Read action alleged that, throughout the Class Period, Defendants: (a) according to Indian government export documents, fraudulently overstated

---

[1] In the alternative, if this Court does not appoint Movants as Co-Lead Plaintiffs and approving their selection of the Rosen and Safirstein firms as Co-Lead Counsel, they respectfully request that this Court vacate its May 18, 2015 Order consolidating these cases (ECF No.54), and allow them to pursue the claims they first filed in an amended complaint.

2

Amira's Indian-produced basmati rice exports, thereby overstating revenues by at least 24% and 18.7% in FY 2013 and 2014, respectively; (b) concealed that many of its counterparties are secretly related parties, including its largest customer, one of its largest suppliers/National distributor, a company (secretly owned by Amira's CEO) to whom Amira proposed to pay $30 million to buy land that company bought for far less, and over a dozen related parties that situated inside Amira's headquarters, some of which are in the same business as Amira, that appear to be directed by Amira's CEO or his wife, and that Amira had to disclose that transactions with these entities were related party transactions, but it did not; and, (c) allowed Amira's CEO to use company money to pay his own personal household expenses, including salaries for a personal house manager and a chef for his farmhouse. The actions allege that the truth of these misstatements and omissions entered the market though partial corrective disclosures causing the Class to suffer damages.

On May 18, 2015, the Court appointed Steamfitters Local 449 Pension Plan as lead plaintiff for the proposed Class, approving their counsel Morgan & Morgan, P.C. as Lead Counsel.  (ECF No. 54).

On behalf of Steamfitters and the Class, Morgan filed an Amended Complaint on June 1, 2015. (ECF No. 56).  Defendants filed a Motion to Dismiss on July 1, 2015 (ECF No. 65).  Prior to any ruling on the motion to dismiss, Steamfitters, through Morgan, filed the Second Amended Complaint (ECF No. 77) ("SAC") on September 17, 2015 (ECF No. 77), expanding the class period and adding claims under Section 11 of the Securities Act of 1933. In addition, the SAC named the underwriters as defendants.  All Defendants filed motions to dismiss the SAC on October 8 and 21, 2015 (ECF Nos. 96, 100) and Plaintiff

MEMO. P&As ISO MTN. OF PLAINTIFFS ROBERT READ AND HIROSHI SUZUKI FOR RELIEF FROM THIS COURT'S ORDER ON THE MOTION TO DISMISS UNDER FED. R. CIV. P. 60(b) AND LEAVE TO INTERVENE AS LEAD PLAINTIFF, SUBSTITUTE LEAD COUNSEL AND AMEND SECOND AMENDED COMPLAINT -- No.  2:15-cv-00957-FMO-PJW

opposed Defendants' motion to dismiss (ECF Nos. 96, 105, 111) on October 22, 2015.

On March 3, 2016, Steamfitters filed a notice of change of firm name and address from the Morgan firm to Labaton. (ECF No. 119).

In April 2016, certain attorneys formerly from Morgan reformed as Safirstein Metcalf LLP. *See* Safirstein Decl.

On April 4, 2016, Local 449 moved for the approval of Labaton as lead counsel. (ECF No. 120).

On April 25, 2016, this Court approved the appointment of Labaton as lead counsel. (ECF No. 140).

On July 18, 2016, this Court granted Defendants' motion to dismiss the Second Amended Complaint but gave Steamfitters leave to amend by August 4, 2016. (ECF No. 143).

After numerous discussions with Labaton Sucharow after July 18, 2016 and before August 4, 2016, Safirstein learned on the afternoon of August 3, 2016 that Labaton Sucharow would both not seek an extension of time to file an Amended Complaint and would not file an Amended Complaint. (Safirstein Decl para 6).

On July 15, 2016, Indian credit rating company, Credit Analysis & Research Ltd. ("CARE"),[2] issued a report, revising and suspending the ratings it assigned to the bank facilities of Amira, due to delays in debt servicing because of a "stretched liquidity position." CARE told Movants' counsel on August 23, 2016 that Amira was unresponsive to its requests for information it required to monitor the Company's ratings. *See* Phillips Decl.

---

[2] CARE is a credit ratings firm like Standard & Poor's or Moody's.

4

MEMO. P&As ISO MTN. OF PLAINTIFFS ROBERT READ AND HIROSHI SUZUKI FOR RELIEF FROM THIS COURT'S ORDER ON THE MOTION TO DISMISS UNDER FED. R. CIV. P. 60(b) AND LEAVE TO INTERVENE AS LEAD PLAINTIFF, SUBSTITUTE LEAD COUNSEL AND AMEND SECOND AMENDED COMPLAINT -- No. 2:15-cv-00957-FMO-PJW

Movants are investors and class members with a  financial stake in the prosecution and outcome of this litigation.  Movant Read, a purchaser of Amira common stock, filed the first of several related, and now consolidated, cases against Defendants.  Movant Suzuki sold put options of Amira during the Class Period.  Both Movants suffered losses in connection with their transactions in Amira securities during the Class Period. *See* Rosen Decl. Ex. 2. Movants, through their counsel, will commit significant resources to the investigation and pleading of their claims, if warranted, or to an appeal.  Movants have uncovered leads that may produce substantial and compelling evidence of Defendants' fraudulent scheme and significant details not previously alleged.   Movants, however, require time to pursue those leads and to draft and file a Third Amended Complaint. They request no more time than the Court previously afforded lead counsel to amend following dismissal.

## III.  ARGUMENT

### A.   MOVANTS SHOULD BE PERMITTED TO REOPEN THE JUDGMENT PURSUANT TO RULE 60(b)

Pursuant to Federal Rule of Civil Procedure 60(b), this Court may reconsider a final judgment or any order based on: "'(1) mistake, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud; (4) a void judgment; (5) a satisfied or discharged judgment; or (6) extraordinary circumstances which would justify relief.'" *Lee v. JP Morgan Chase Bank, N.A.*, No. 215CV4061CASGJSX, 2015 WL 7185422, at *1 (C.D. Cal. Nov. 12, 2015) (citing *Sch. Dist. No. 1J, Multnomah Cty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993)).

Fed. R. Civ. P. 60(b)(6) is an equitable remedy requiring a party to "demonstrate both injury and circumstances beyond his control that prevented

5

MEMO. P&As ISO MTN. OF PLAINTIFFS ROBERT READ AND HIROSHI SUZUKI FOR RELIEF
FROM THIS COURT'S ORDER ON THE MOTION TO DISMISS UNDER FED. R. CIV. P. 60(b) AND
LEAVE TO INTERVENE AS LEAD PLAINTIFF, SUBSTITUTE LEAD COUNSEL AND AMEND
SECOND AMENDED COMPLAINT -- No.  2:15-cv-00957-FMO-PJW

him from proceeding with the action in a proper fashion." *Havensight Capital LLC v. People's Republic of China*, No. CV 15-01206 DDP FFMX, 2015 WL 1966890, at *1 (C.D. Cal. Apr. 30, 2015) (*citing Harvest v. Castro*, 531 F.3d 737, 749 (9th Cir. 2008)); *see also Latshaw v. Trainer Wortham & Co.*, 452 F.3d 1097, 1103 (9th Cir. 2006); *Life Alert Emergency Response, Inc. v. Lifewatch, Inc.*, No. 2:08-CV-02184-CAS, 2014 WL 2115189, at *1 (C.D. Cal. May 19, 2014).     To receive relief under Fed. R. Civ. P. 60(b)(6), "a party must demonstrate extraordinary circumstances which prevented or rendered him unable to prosecute his case." *Lal v. California*, 610 F.3d 518, 524 (9th Cir. 2010).

Local Rule 7–18 sets forth the bases upon which the Court may reconsider the decision on any motion, including the emergence of a new fact.

C.D. Cal. L.R. 7–18(b).  Additionally, "[n]o motion for reconsideration shall in any manner repeat any oral or written argument made in support of or in opposition to the original motion." *Id.*

Under Local Rule 7-18, this Court examines whether the party seeking reconsideration could have known of the newly-presented factual or legal argument at the time the Court made its original order. *Golden v. O'Melveny & Meyers LLP*, No. CV148725CASAGRX, 2016 WL 4168853, at *4 (C.D. Cal. Aug. 3, 2016).  Due to the limits placed upon putative class members by the class litigation structure, this is not a situation where Movants could reasonably have raised their arguments earlier.  *See Carroll v. Nakatani*, 342 F.3d 934, 935 (9th Cir. 2003)(affirming denial of reconsideration where movant "could reasonably have raised his arguments earlier").

In equity, Movants' sole remedy at this point as a putative member of the class is to seek to intervene or to appeal the Court's decision to dismiss without

6

prejudice, as this Court did not appoint them as Lead Plaintiff and class representatives.  In addition, Movants did not become aware of Steamfitters' final decision to neither file for an extension of time nor to file an amended complaint until a day before the deadline this Court set for amending the SAC. Granting this motion will allow Movants either to continue to discover new facts to supplement the SAC and/or to file an appeal of this Court's final order of dismissal to the Ninth Circuit. As explained below, through their investigation, Movants will address the Court's reasons for dismissing the SAC, or if their investigation uncovers nothing substantially new, will file a notice of appeal.  In light of the commitment of Movants and their counsel to pursuing the claims of the putative class and the potential for finding facts that will further support the SAC's allegations, allowing the present judgment to stand would be "unjust" to Movants and the putative class.

## B.   THIS COURT SHOULD APPOINT MOVANTS AS CO-LEAD PLAINTIFFS

This Court should appoint Movants as Co-Lead Plaintiffs and approve their selection of the Rosen and Safirstein firms as Co-Lead Counsel.

First, Movant Read filed the first of several cases that this Court's Order of May 18, 2016 (ECF No. 54) consolidated with subsequently-filed related actions.

Second, when it becomes apparent that a class member's interest is not being adequately protected by the class action device, that class member is permitted to intervene in the action as a plaintiff "to preserve some right which

7

cannot otherwise be protected." *Pellegrino v. Nesbit*, 203 F.2d 463, 465 (9th Cir. 1953).[3]

Thus, for Movants Read and Suzuki the right to intervene is unconditional when there is either: (1) a federal statute conferring an unconditional right; or (2) the party has an interest in the property or transaction subject to the action and the disposition of the action might impair or impede the party from protecting that interest, unless the party is already adequately represented by other parties in the action. *See* Fed. R. Civ. P. 24(a). The right to intervene is permissive when there is either: (1) a federal statute conferring the conditional right; or (2) the party's claim and the action at issue have a common question of law or fact. See Fed. R. Civ. P. 24(b).  In evaluating a motion to intervene, courts are "guided primarily by practical and equitable considerations, and the requirements for intervention are broadly interpreted in favor of intervention."  *United States v. Alisal Water Corp.*, 370 F.3d 915, 919 (9th Cir. 2004).

Soon after it became clear to Movants that Steamfitters would not be filing a third amended complaint, they promptly moved for relief from both this Court's lead plaintiff order, selecting Steamfitters and approving their counsel, and its Order of Dismissal. They could not move any sooner because, as the Supreme Court has stated, such a rule would result in the "multiplicity of activity which Rule 23 was designed to avoid." *United Airlines, Inc. v. McDonald*, 432 U.S. 385, 394, 97 S. Ct. 2464, 2470, 53 L. Ed. 2d 423 (1977). (citations omitted).

Movants and their counsel understand their obligation not to burden the Court and not to expend unnecessary litigation resources.  Movants seek a three-

---

[3] That this motion to intervene occurred post-judgment does not necessarily require this Court to find that the motion was untimely.   Fed. R. Civ. P. 24; Advisory Committee Notes to the 1966 Amendments; "Rule 24 provides for intervention as of right and permissive intervention*." Sw. Ctr. for Biological Diversity v. Berg*, 268 F.3d 810, 817 (9th Cir. 2001).

MEMO. P&As ISO MTN. OF PLAINTIFFS ROBERT READ AND HIROSHI SUZUKI FOR RELIEF FROM THIS COURT'S ORDER ON THE MOTION TO DISMISS UNDER FED. R. Civ. P. 60(b) AND LEAVE TO INTERVENE AS LEAD PLAINTIFF, SUBSTITUTE LEAD COUNSEL AND AMEND SECOND AMENDED COMPLAINT -- No.  2:15-cv-00957-FMO-PJW

week extension of time from the Order requested of this Court, appointing them as co-lead plaintiffs and approving their selection of the Rosen and Safirstein firms as Co-Lead Counsel, to file a third amended complaint. If the leads they have developed through their own preliminary investigation yield insufficient facts in further support of their claims and the claims of the putative Class, Movants will not file a third amended complaint, but will, instead, seek appellate review of this Court's order of dismissal and final judgment.

## 1.    Intervention as of Right Under Rule 24(a) Should Be Granted.

The Ninth Circuit applies a four-part test under Fed. R. Civ. P. 24(a): "(1) that the prospective Movant's motion is 'timely'; (2) that the would-be Movant has 'a 'significantly protectable' interest relating to ... the subject of the action,' (3) that the Movant is 'so situated that the disposition of the action may as a practical matter impair or impede [the Movant's] ability to protect that interest'; and (4) that such interest is 'inadequately represented by the parties to the action.'" *Smith v. Los Angeles Unified Sch. Dist.*, No. 14-55224, 2016 WL 4011195, at *8 (9th Cir. July 27, 2016) (*citing Freedom from Religion Found., Inc. v. Geithner*, 644 F.3d 836, 841 (9th Cir. 2011)); *see also United States v. City of Los Angeles, Cal.*, 288 F.3d 391, 397 (9th Cir. 2002); *accord Sw. Ctr. for Biological Diversity*, 268 F.3d at 817-18.

Further, the Ninth Circuit "construe[s] Rule 24(a) liberally in favor of potential Movants." *Sw. Ctr. for Biological Diversity v. Berg*, 268 F.3d 810, 818 (9th Cir. 2001).   In addition to mandating broad construction, [the Ninth Circuit's] review is "'guided primarily by practical considerations,' not technical distinctions." *Id.*

Movants meet all criteria for intervention as of right.

9

### a.   The Motion to Intervene is Timely.

Timeliness is determined by the totality of the circumstances facing would-be Movants, with a focus on three primary factors: "(1) the stage of the proceeding at which an applicant seeks to intervene; (2) the prejudice to other parties; and (3) the reason for and length of the delay." *Los Angeles Unified Sch. Dist.*, 2016 WL 4011195, at *9 (*citing Alisal Water Corp.*, 370 F.3d at 919).  In the Ninth Circuit, the "crucial date for assessing the timeliness of a motion to intervene is when proposed Movants should have been aware that their interest would not be adequately protected by the existing parties." *Los Angeles Unified Sch. Dist.*, 2016 WL 4011195, at *9 (*citing Smith v. Marsh*, 194 F.3d 1045, 1052 (9th Cir. 1999).  Post-judgment motions to intervene are not necessarily untimely, and have been allowed when made before the time to appeal has run. *See U.S. ex rel. McGough v. Covington Techs. Co.*, 967 F.2d 1391, 1394–95 (9th Cir. 1992); *United Airlines, Inc.*, 432 U.S. at 395–96.

In analyzing the "stage of the proceedings" factor, the "[m]ere lapse of time alone is not determinative." *Los Angeles Unified Sch. Dist.*, No. 14-55224, 2016 WL 4011195, at *9 (court found motion to intervene timely despite two month delay because even after became clear that intervention was necessary, took time to organize and gather evidence to support motion to intervene) (citing *United States v. State of Oregon*, 745 F.2d 550, 552 (9th Cir. 1984)).  Where a change of circumstances occurs, and that change is the "major reason" for the motion to intervene, "the stage of proceedings factor should be analyzed by reference to the change in circumstances, and not the commencement of the litigation." *Id.*

Further, no prejudice to existing parties will occur here.  If Movants' leads generate additional  information to aid the Class and Movants to successfully

10

pursue claims, it will only benefit the Class. Current Lead Counsel have not amended the Second Amended Complaint by this Court's deadline. Accordingly, Movants' motion is timely.

The length of the delay – two weeks after the Court's August 12, 2016 Order – is also not excessive and supports intervention.[4] The Ninth Circuit recognizes that "additional delay [due to a motion to intervene] is not alone decisive (otherwise every intervention motion would be denied out of hand because it carried with it, almost [by] definition, the prospect of prolonging the litigation.)" *League of United Latin Am. Citizens v. Wilson*, 131 F.3d 1297, 1304 (9th Cir. 1997).

The Ninth Circuit has found post-judgment interventions permissible when a party with interests similar to the applicant's fails to take further action. It reversed and remanded a motion to intervene in *United States ex rel. McGough v. Covington Technologies Co*. That case involved a *qui tam* action against several corporations with government contracts, where the government moved to intervene after two defendants had been dismissed and a judgment entered against the third defendant, for the purpose of appealing the district court's dismissal of one of the defendants with prejudice. 967 F.2d 1391, 1393 (9th Cir. 1992). Similarly, in *Pellegrino v. Nesbit*, a corporation filed an action against corporate officers under 16(b) of the Securities Exchange Act of 1934, 15 U.S.C. § 78p(b), for recovery of short-swing profits resulting from the corporation's own options agreements. 203 F.2d at 465. The lower court held the corporation to be estopped from recovering profits because it had itself drafted the agreements. *Id.* The corporation's board of directors, who may have been "reluctant to bring suit against its own beneficial owners, directors or officers," *id.* at 467, announced

---

[4] This delay was due in part to the one-week requirement of Local Rule 7-3.

MEMO. P&As ISO MTN. OF PLAINTIFFS ROBERT READ AND HIROSHI SUZUKI FOR RELIEF FROM THIS COURT'S ORDER ON THE MOTION TO DISMISS UNDER FED. R. CIV. P. 60(b) AND LEAVE TO INTERVENE AS LEAD PLAINTIFF, SUBSTITUTE LEAD COUNSEL AND AMEND SECOND AMENDED COMPLAINT -- No. 2:15-cv-00957-FMO-PJW

that it would not pursue an appeal. *Id.* at 465.  Shortly thereafter, the stockholder who had urged the board to pursue the original case moved to intervene. *Id.* The Court of Appeals, reversing the District Court, ruled that the motion was timely and the intervention should have been permitted. *Id.* at 469.

In this case, after numerous discussions with Labaton Sucharow after July 18, 2016 and before August 4, 2016, Safirstein learned on the afternoon of August 3, 2016 of Labaton Sucharow final decision to both not seek an extension of time to file an Amended Complaint and not file an Amended Complaint--the day before the Court's August 4, 2016 deadline for filing a third amended complaint.   After reviewing the SAC and considering the Court's July 18, 2016 Order and Opinion, Movants concluded that they should seek appointment as Co-Lead Plaintiffs to protect their interests *and* those of the putative Class.  Pursuant to local rule, shortly thereafter, they met and conferred with Steamfitters' counsel and Defendants, waited the mandatory seven days, and have moved to replace Steamfitters as lead plaintiff promptly within the time Steamfitters could have filed a notice for appeal of this Court's Order of dismissal.

While Movants have generated leads and begun their investigation, they have not had sufficient time to  draft and to include with this filing a third amended complaint, especially where the alleged fraud involves key witnesses and documents in India, with accompanying delays due to time zone, distance, and language differences.

### b.    Movants Have a Significant Protectable Interest.

To establish a protectable interest sufficient to intervene as of right, Movants must establish that the interest asserted is "is protectable under some law, and that there is a relationship between the legally protected interest and the

claims at issue." *California ex rel. Lockyer v. United States*, 450 F.3d 436, 441
(9th Cir. 2006); *accord Sw. Ctr. for Biological Diversity*, 268 F.3d at 818.  The
Ninth Circuit has taken the view that "a party has sufficient interest for
intervention purposes if it will suffer a practical impairment of its interests as a
result of the pending litigation."  *Lockyer,* 450 F.3d 441.  In *Lockyer,* the Court
found that the health care providers represented by the proposed intervenors, the
amendment whose constitutionality was at the heart of the action, had sufficient
interest because the litigation would impair their interests by forcing them into a
choice.  *Id.* Here, Movants assert claims under the Federal securities laws, which
are designed to protect shareholders like those represented by the proposed
intervenors.  Since they are the intended beneficiaries of this law, their interest is
substantial and neither "undifferentiated" nor "generalized." *Id.* (citing *Alisal
Water Corp.*, 370 F.3d at 920).

### 2.      Without Intervention, Movants' Ability to Protect Their Interests Would Be Impaired or Impeded.

While the proposed intervenors' interests might not be impaired if they
have "other means" to protect them, no such means exist here. *Alisal*, 370 F.3d at
921. In *Alisal,* one of the defendant's judgment creditors tried to intervene in the
United States' attempt to place defendant in receivership because it feared that
the receiver's power to veto outlays would impair its ability to enforce its
judgment. *Id.* at 918.  The Ninth Circuit held that litigation would not impair the
creditor's interests because there was a separate process for approving claims
against the debtor that was sufficient to protect the proposed intervenor's
interests. *Id.* at 921.  In *Lockyer*, as here, however, Movants had no alternative
forum to protect their interests.  *Lockyer*, 450 F.3d at 442. Here, Movants' ability
to protect his and the Class's assertions of violations of the federal securities

laws against Defendants would be forfeited because Lead Counsel did not amend the Second Amended Complaint to address the issues raised by this Court in its July 18, 2016 Order.  Movants should be allowed to intervene and to assume control of these consolidated action on behalf of themselves and the putative Class to file a third amended complaint, if warranted, or appeal the dismissal of the action.

### 3.    Movants' Interests Are Not Adequately Represented.

To determine whether the existing parties adequately represent an applicant's interest, this Court considers: "(1) whether the interest of a present party is such that it will undoubtedly make all the Movant[s'] arguments; (2) whether the present party is capable and willing to make such arguments; and (3) whether the would-be Movant[s] would offer any necessary elements to the proceedings that other parties would not. The prospective Movant[s] bear the burden of demonstrating that existing parties do not adequately represent [their] interests."  *City of Los Angeles, Cal.*, 288 F.3d at 398.  This element of Rule 24(a) intervention only requires a "minimal showing" that existing parties' representation "may be" inadequate.  *Los Angeles Unified Sch. Dist.*, No. 14-55224, 2016 WL 4011195, at *17.

Here, Movants meet all three elements.  As the Court noted, the Second Amended Complaint as currently drafted fails to explain to the Court's satisfaction how the statements in Amira's Prospectus, '13 Form 20F, and '14 Form 20F were false or misleading.  (ECF No. 143, at p. 25).  Steamfitters did not file a third amended complaint to address this Court's July 18, 2016 Order.  Movants' request for additional time to file a third amended complaint, in light

14

of the investigation needed and so far incomplete, demonstrate that Movants would offer necessary elements to these proceedings.

Absent this Court's appointing Movants as Co-Lead Plaintiffs and approving their selection of Co-Lead Counsel, Movants and other putative Class members of Amira securities will be adversely affected and potentially prejudiced since their interests will not otherwise be protected by the failure to file a third amended complaint, if warranted,  or to file an appeal. Accordingly, this Court should determine Movants' interests are not adequately represented and grant this Motion to Intervene and for Leave to Amend.

**C.      In the Alternative, Movants Should be Granted Permissive Intervention Under Rule 24(b).**

"An applicant who seeks permissive intervention must prove that it meets three threshold requirements: (1) it shares a common question of law or fact with the main action; (2) its motion is timely; and (3) the court has an independent basis for jurisdiction over the applicant's claims." *Exec. Risk Specialty Ins. Co. v. Rutter Hobbs & Davidoff, Inc.*, 564 F. App'x 887, 889 (9th Cir. 2014) (citing *Donnelly v. Glickman*, 159 F.3d 405, 412 (9th Cir. 1998). "In exercising its discretion, the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(3). Each of these requirements is satisfied here.

First, Movants' claims share common questions of fact; they seek to further investigate to obtain sufficient detail to address the Court's concerns and file a third amended complaint.   Second, as explained above, the motion to intervene is timely and will not delay or prejudice the existing parties.  Finally, Movants' participation and investigation would contribute to the development of

the underlying factual issues and the equitable adjudication of the legal issues involved. *Executive Risk Specialty Ins. Co.*, 564 F. App'x at 889.

Accordingly, Movants should be permitted to intervene as representative plaintiffs.

## IV.   THIS COURT SHOULD APPROVE MOVANTS' SELECTION OF CO –LEAD COUNSEL

The PSLRA vests authority in the lead plaintiff to select and retain lead counsel, subject to the approval of the Court.  15 U.S.C. § 78u-4(a)(3)(B)(v); 15 U.S.C. § 77z-1(a)(3)(B)(v).   The Court should only interfere with the Lead Plaintiff's selection when necessary "to protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa); 15 U.S.C. § 77z-1(a)(3)(B)(iii)(II)(aa).

Movants have selected  the Safirstein and Rosen firms as Co-Lead Counsel.  Safirstein, comprising attorneys formerly part of the Morgan firm, previously appointed counsel in this action, has prosecuted securities fraud class actions and other complex litigation and its attorneys have obtained substantial recoveries on behalf of investors.  Safirstein conducted due diligence initially in investigating the facts underlying this action before the initial Complaint was filed, drafted the Complaints and the opposition to the Motion to Dismiss.(*See* Safirstein Decl.) Rosen filed the initial complaint on Movant Read's behalf and actively researched the Class Plaintiffs' claims it has reviewed and gathered information in support of the claims against the defendants.  Furthermore, The Rosen Law Firm is experienced in the area of securities litigation and class actions, having been appointed as lead counsel in securities class actions in this District and in other courts throughout the nation.   The firm has prosecuted securities fraud class actions and other complex litigation and, like the attorneys at Safirstein, obtained substantial recoveries on behalf of investors. The resume

16

of Safirstein is attached as Exhibit 3 to the Phillips Decl. The resume of Rosen is attached as Exhibit 4 to the Phillips Decl.

As a result of the firms' experience in litigation involving issues similar to those raised in this action, Movants' counsel have the skill and knowledge that will enable the firm to prosecute this action effectively and expeditiously.  Thus, the Court may be assured that by approving Movants' selection of Lead Counsel, the members of the class will receive the best legal representation available.

## V.   CONCLUSION

For the foregoing reasons, Movants respectfully request that the Court issue an Order: (1) granting Movants' Motion for Relief From This Court's Order on the Motion To Dismiss Under Fed. R. Civ. P. 60 (b) and Leave To Substitute Lead Counsel and Amend Second Amended Complaint; (2) appointing Robert Read and Hiroshi Suzuki as Lead Plaintiffs of the class; (3) approving The Rosen Law Firm P.A. and Safirstein Metcalf LLP as Lead Counsel; and (4) granting such other relief as the Court may deem to be just and proper.


Dated:  August 26, 2016          Respectfully submitted,

THE ROSEN LAW FIRM, P.A.


 /s/ Laurence Rosen, Esq.
Laurence M. Rosen, Esq. (SBN 219683)
THE ROSEN LAW FIRM, P.A.
355 South Grand Avenue, Suite 2450
Los Angeles, CA 90071
Telephone: (213) 785-2610
Facsimile: (213) 226-4684
Email: lrosen@rosenlegal.com

17

Peter Safirstein, Esq.
Elizabeth Metcalf, Esq.
SAFIRSTEIN METCALF LLP
1250 Broadway, 27th Floor
New York, NY 10001
Telephone: (212) 201-2855
Email: psafirstein@safirsteinmetcalf.com
       emetcalf@safirsteinmetcalf.com

[Proposed] Lead Counsel for Plaintiffs

MEMO. P&As ISO MTN. OF PLAINTIFFS ROBERT READ AND HIROSHI SUZUKI FOR RELIEF
FROM THIS COURT'S ORDER ON THE MOTION TO DISMISS UNDER FED. R. Civ. P. 60(b) AND
LEAVE TO INTERVENE AS LEAD PLAINTIFF, SUBSTITUTE LEAD COUNSEL AND AMEND
SECOND AMENDED COMPLAINT -- No. 2:15-cv-00957-FMO-PJW

## **CERTIFICATE OF CONFERENCE**

Pursuant to Local Rule 7-3, counsel for Movants met and conferred with both counsel for Defendants and counsel for Steamfitters.  Defendants oppose the relief Movants seek.   Steamfitters do not oppose the relief Movants seek.

Dated: August 26, 2016

/s/ Laurence M. Rosen

Laurence Rosen

MEMO. P&As ISO MTN. OF PLAINTIFFS ROBERT READ AND HIROSHI SUZUKI FOR RELIEF FROM THIS COURT'S ORDER ON THE MOTION TO DISMISS UNDER FED. R. Civ. P. 60(b) AND LEAVE TO INTERVENE AS LEAD PLAINTIFF, SUBSTITUTE LEAD COUNSEL AND AMEND SECOND AMENDED COMPLAINT -- No.  2:15-cv-00957-FMO-PJW