Laurence M. Rosen, Esq. (SBN 219683)
THE ROSEN LAW FIRM, P.A.
355 South Grand Avenue, Suite 2450
Los Angeles, CA 90071
Telephone: (213) 785-2610
Facsimile: (213) 226-4684
Email: lrosen@rosenlegal.com

Peter Safirstein, Esq.
Elizabeth Metcalf, Esq.
SAFIRSTEIN METCALF LLP
1250 Broadway, 27th Floor
New York, NY 10001
Telephone: (212) 201-2855
Email: psafirstein@safirsteinmetcalf.com
      emetcalf@safirsteinmetcalf.com

[Proposed] Lead Counsel for Plaintiffs

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| ROBERT REED, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>AMIRA NATURE FOODS LTD., KARAN A. CHANANA, BRUCE C. WACHA, RITESH SUNEJA, ASHISH PODDAR, UBS SECURITIES LLC, DEUTSCHE BANK SECURITIES INC. JEFFERIES & COMPANY, INC., and KEYBANC CAPITAL MARKETS INC.,<br><br>Defendants. | No. 2:15-cv-00957-FMO-PJW<br><br>MEMORANDUM IN FURTHER SUPPORT OF MOTION OF PLAINTIFFS ROBERT READ AND HIROSHI SUZUKI FOR RELIEF FROM THIS COURT'S ORDER ON THE MOTION TO DISMISS UNDER FED. R. CIV. P. 60(b) AND LEAVE TO INTERVENE AS LEAD PLAINTIFF, SUBSTITUTE LEAD COUNSEL AND AMEND SECOND AMENDED COMPLAINT |

# TABLE OF CONTENTS

Page

I.     Defendants Do Not Argue There is Prejudice ............................................... 1

II.    The Motion is Neither Premature Nor Untimely ........................................ 1

       A.     The Motion is Not Premature .............................................................. 1

       B.     The Motion is Not Untimely ................................................................ 2

III.   Movants Have Standing under FRCP 60(b) ................................................ 4

IV.    Movants Should be Allowed to Amend ....................................................... 5

V.     The Motion for Intervention Should be Allowed ...................................... 6

VI.    Read and Suzuki are Suitable Representative Plaintiffs ........................... 8

VII.   Conclusion ....................................................................................................... 10

# TABLE OF AUTHORITIES

**CASES**

*Employers-Teamsters Local Nos. 175 & 505 Pension Trust Fund v. Anchor Cap. Advisors,*
  498 F.3d 920 (9th Cir. 2007) ................................................................. 3, 8

*Blue Chip Stamps v. Manor Drug Stores,*
  421 U.S. 723 (1975) ................................................................................ 5

*Deutschman v. Beneficial Corp.,*
  132 F.R.D. 359 (D. Del. 1990) .............................................................. 10

*Farmland Dairies v. Comm'r of New York State Dep't of Agric. & Markets,*
  847 F.2d 1038 (2d Cir. 1988) .................................................................. 7

*In re Adobe Sys., Inc. Sec. Litig.,*
  139 F.R.D. 150 (N.D. Cal. 1991) .......................................................... 10

*In re Am. Serv. Group, Inc.,*
  No. 3:06-00323, 3:06-337, 3:06-341, 3:06-443, 2006 WL 2503648 (M.D. Tenn. Aug. 29, 2006) ........................................................................... 9

*In re Auction Houses Antitrust Litig.,*
  158 F. Supp. 2d 364 (S.D.N.Y. 2001) ..................................................... 7

*In re Flight Safety Techs., Inc. Sec. Litig.,*
  231 F.R.D. 124 (D. Conn. 2005) ............................................................. 9

*In re Initial Pub. Offering Sec. Litig.,*
  214 F.R.D. 117 (S.D.N.Y. 2002) ............................................................ 9

*In re Initial Pub. Offering Sec. Litig.,*
  224 F.R.D. 550 (S.D.N.Y. 2004) ............................................................ 9

*In re NASDAQ Mkt.-Makers Antitrust Litig.,*
  164 F.R.D. 346 (S.D.N.Y. 1996) ............................................................ 7

*In re Netflix, Inc. Sec. Litig.,*
  2016 WL 1399371 (9th Cir. Apr. 11, 2016) ............................................ 6

*In re NYSE Specialists Sec. Litig.,*
  240 F.R.D. 128 (S.D.N.Y. 2007) ......................................................... 6, 7

*In re Oxford Health Plans, Inc.,*
  191 F.R.D. 369 (S.D.N.Y. 2000) ............................................................ 9

*In re Portal Software, Inc. Sec. Litig.*,
 No. C-03-5138 VRW 2005 U.S. Dist. LEXIS 41178 at *7-*15 (N.D. Cal.
 Mar. 9, 2005) ................................................................................................9

*In re Priceline.com Inc.*,
 236 F.R.D. 89 (D. Conn. 2006) ..................................................................10

*In re Scientific-Atlanta, Inc. Sec. Litig.*,
 571 F.Supp.2d 1315 (N.D.Ga. 2007) .....................................................9, 10

*In re Terayon Commc'ns Sys., Inc.*,
 No. C 00-01967 MHP, 2004 WL 413277 (N.D. Cal. Feb. 23, 2004) ............9

*In re Xerox Sec. Litig.*,
 No. CIV.3:99CV2374(AWT), 2006 WL 1359339 (D. Conn. May 12, 2006)9

*Jou v. Kimberly-Clark Corp.*,
 No. 13-CV-03075-JSC, 2015 WL 4537533 (N.D. Cal. July 27, 2015)..5, 7, 8

*Moskowitz v. Lopp*,
 128 F.R.D. 624 (E.D. Pa. 1989) .................................................................10

*NAACP v. New York*,
 413 U.S. 345 (1973) .....................................................................................4

*Orange Cty. v. Air California*,
 799 F.2d 535 (9th Cir. 1986) ........................................................................8

*State of Alaska v. Suburban Propane Gas Corp.*,
 123 F.3d 1317 (9th Cir. 1997)......................................................................7

*U.S. v. Oregon*,
 745 F.2d 550 (9th Cir. 1984) ........................................................................1

*United Airlines, Inc. v. McDonald*,
 432 U.S. 385 (1977) .....................................................................................7

**STATUTES**

15 U.S.C. § 78c(a)(10) (2006) ...........................................................................5

15 U.S.C. § 78c(a)(13) .......................................................................................5

15 U.S.C. § 78c(a)(14) .......................................................................................5

**RULES**

Fed. R. Civ. P. 24 and 60(b) ..............................................................................1

Fed. R. Civ. P. 24(a) and 24(b)..........................................................................1

Fed. R. Civ. P. 41(a)(1)(A)(ii) ...................................................................... 9

FED. R. Civ. P. 60(b) ...................................................................... 1, 5, 10

Fed. R. Civ. P. 60(b)(6) ...................................................................... 5

Plaintiff Robert Read and movant Hiroshi Suzuki ("Movants") submit this reply memorandum in further support of their motion (ECF #148) pursuant to Fed. R. Civ. P. 24 and 60(b)6.[1]   Counsel for Steamfitters, Labaton Sucharow LLP ("Labaton Sucharow"), did not oppose this Motion and have waived their right to do so.

## I.    Defendants Do Not Argue There is Prejudice

In their opposition Defendants make no argument that any potential prejudice, other than a few weeks' delay, will arise from the Court granting Movants' requests. As discussed by Defendants (ECF #149, at 11), prejudice is the primary reason for the Ninth Circuit's general disfavor of  post-judgment motions and it is the second of three factors[2] in determining if a motion for intervention (via both Fed. R. Civ. P. 24(a) and 24(b)) is timely.  Because the Defendants make no argument as to prejudice, there is no presumption of disfavorment and the motion is presumed to be timely unless outweighed by the other factors.

## II.    The Motion is Neither Premature Nor Untimely

Having conceded that there is no prejudice to them, the Defendants' primary argument appears to be one of timeliness.  Defendants argue that Movants' request is both premature and late.

### A.    The Motion is Not Premature

Defendants argue that the motion is premature because Steamfitters Local 449 Pension Plan ("Steamfitters") has not indicated whether they will appeal the Court's dismissal. ECF #149, at 1, 15.  However, as Defendants themselves point out, Steamfitters' deadline to appeal the Court's August 12 dismissal order was September 12, 2016. *Id.* at 6.  Although this deadline had not passed as of the date

---

[1] Plaintiffs respond to both the Opposition Brief of the Amira Defendants (ECF # 149) and the Joinder of Underwriter Defendants (ECF # 150) (collectively. "Defendants") in this Brief.

[2] The other two factors are the stage of the proceeding and the reason for and length of the delay. *U.S. v. Oregon*, 745 F.2d 550, 552 (9th Cir. 1984).

---

the motion was filed, it was sure to have passed before the briefing was complete and certainly by the hearing date for the motion. Either way, the issue was destined to be moot. The deadline has come and gone without any notice of appeal from the Steamfitters and the issue is now moot.

Defendants are also concerned that Movants are silent as to Steamfitters' position with regard to their motion. ECF #149 at 1, 5-6. However, Steamfitters' counsel is Labaton Sucharow, not Rosen or Safirstein Metcalf, and it is not for Rosen or Safirstein Metcalf to speak for Steamfitters.[3]  If Steamfitters objected to this motion, they would have filed an opposition stating as much. They have not objected and have waived their right to oppose the motion. *See* Declaration of Peter Safirstein ("Safirstein Decl."), filed contemporaneously herewith.

## B.    The Motion is Not Untimely

Movants' request for less than a month to restart a sophisticated investigation involving witnesses in India, Dubai, England, and the U.S. is more than reasonable. It was also reasonable for Safirstein Metcalf to reach out to former lead-counsel movant Rosen to discuss pooling resources for this large and potentially costly endeavor. And it was reasonable for Rosen to conduct thorough due diligence and to discuss their due diligence with shareholders who had previously expressed an interest in pursuing this matter against Amira Nature Foods Ltd. ("Amira") before

---

[3] Similarly, Defendants find fault with Rosen and Safirstein Metcalf's failure to address Steamfitters' position or inquire as to Steamfitters' position with regard to amending or noticing an appeal during the meet and confer call on August 15. ECF #149 at 5-6. Labaton Sucharow was also on the meet and confer call and addressing these concerns was under their discretion as they are Court appointed lead counsel for Steamfitters. Also in this section, Defendants state that Rosen and Safirstein Metcalf refused to substantively respond regarding the proposed amendment. *Id.* Defendants fail to mention that, prior to this aspect of the conference call, there was substantive discussion of the motion by Rosen and Safirstein Metcalf which was met by acrimonious comments from counsel for Defendants that derailed any hope for a more fulsome discussion of the merits of an amended complaint.

---

committing to the endeavor.  Movants moved quickly to assess the current state of the case and to consider various possibilities and did not "sit on their hands" as Defendants accuse.  ECF #149 at 8.

Defendants do not cite any statute-dictated time requirement to support their argument that Movants' requests are untimely.  Instead they excoriate Movants for not being instantly ready with an amended complaint the moment that they were informed that Steamfitters did not intend to seek an extension or amend.

Defendants' reasoning is in part based upon the erroneous concept that because the attorneys Safirstein and Metcalf have remained on the docket with the title "counsel of record" and lead counsel for Steamfitters, they have therefore been continuously counsel of record from the inception of the case to the present and Movants therefore should have been fully prepared to file an amended complaint on the chance that the lead plaintiffs would not.  ECF #146 at 6, 7, 11, 12, 13, & 15.  This concept ignores this Court's Order of April 25, 2016, which changed lead plaintiff's selection of lead counsel and appointed Labaton Sucharow as lead counsel for the proposed class.  The attorneys who represent Movants include former lead counsel, not lead counsel at the time the Court's Order of Dismissal was entered.  If an amended complaint were to be filed, Labaton Sucharow was empowered by the Court to file such amendment. They did not.

In this same vein, Defendants argue that the PSLRA "was not intended to excuse sophisticated parties from being diligent and keeping abreast of developments in the case, especially when the class is not certified" citing *Employers-Teamsters Local Nos. 175 & 505 Pension Trust Fund v. Anchor Cap. Advisors*, 498 F.3d 920, 925 (9th Cir. 2007).  In *Employers-Teamsters*, however, the court addressed a situation where potential new plaintiffs had an extremely limited window to file a complaint because of the statute of limitations (the original case in the matter was filed one day before the statute of limitations ran and was tolled until the case was dismissed).  Because that statute of limitations was known by the appellants for some

time (10 months), the court did not excuse their failure to file. Here, there was no deadline demanded by statute and looming for 10 months. The order for lead plaintiff to amend by August 4, 2016 was announced on July 18, 2016, and Movants only learned on the afternoon of August 3, 2016 that Labaton Sucharow would both not seek an extension of time to file an Amended Complaint and would not file an Amended Complaint. The Ninth Circuit rightly pronounced that sophisticated parties should be mindful of the statute of limitations; but it does not require all potential class members to be prepared to produce an amended complaint with one day's notice.

Defendants also wish to draw parallels between this case and *NAACP v. New York*, 413 U.S. 345, 368 (1973) in which a motion to intervene filed four days after judgment was entered was rejected because the intervening party knew all along that its rights were impacted and offered no "unusual circumstances warranting intervention." ECF #149 at 11. The *NAACP* case is distinguishable in that the court in *NAACP* determined the potential intervening movants (the NAACP) had waited nearly a month (from March 10 to April 7) to intervene and possibly longer (since February). Moreover, the timeliness determination took into consideration "the potential for seriously disrupting the State's electoral process with the result that primary and general elections would then have been based on population figures from the 1960 census and more than 10 years old." In addition, the court found no unusual circumstances warranting intervention because no appellant alleged an injury, personal to him. Here there is no overarching state interest at stake and no prejudice of this sort alleged by Defendants, and Movants have alleged personal injury and interest. ECF #148 at 13-14.

## III.    Movants Have Standing under Fed. R. Civ. P. 60(b)

Defendants argue that, as a non-party, Movant Suzuki lacks standing under Fed. R. Civ. P. 60(b) because non-parties cannot seek relief under Fed. R. Civ. P. 60(b) absent "exceptional circumstances." However, the proposed class is defined

as acquirers of Amira securities (not solely common stock as Defendants state (ECF #149 at 2, 12, 15)) during the Class Period and securities include derivatives such as put options. *See* Securities Exchange Act, 15 U.S.C. § 78c(a)(10) (2006) (The term security means any note, stock, treasury stock, security future, bond, debenture…or any put, call, straddle, option…). *See also Blue Chip Stamps v. Manor Drug Stores*, 421 U.S. 723, 750–51 (1975) (noting that "the holders of puts, calls, options, and other contractual rights or duties to purchase or sell securities have been recognized as "purchasers or sellers of securities for purposes of Rule 10b-5" (citing 15 U.S.C. § 78c(a)(13) (defining "buy" or "purchase" as including contracts to "buy, purchase, or otherwise acquire"); 15 U.S.C. § 78c(a)(14) (defining terms "sale" and "sell" to include contracts "to sell or otherwise dispose of.").

As a potential class member, therefore, the judgment will affect Movant Suzuki's rights and this is sufficient for a finding of exceptional circumstances. *See e.g. Jou v. Kimberly-Clark Corp.*, No. 13-CV-03075-JSC, 2015 WL 4537533, at *4 (N.D. Cal. July 27, 2015) ("Exceptional circumstances do not exist here because denial of Brenner's motion to intervene will not affect her rights to relief at all").

Defendants also argue that Movants fail to argue the extraordinary circumstances that warrant relief under Fed. R. Civ. P. 60(b)(6).  ECF #149, 7-8. This is not true.  The timing considerations and lack of available remedies under these circumstances are thoroughly discussed in the motion.  *See e.g.* ECF #148, 6-7.  Both injury and circumstances beyond the Movants' control have been sufficiently demonstrated here to warrant relief.

## IV.   Movants Should be Allowed to Amend

Defendants cite *In re Netflix, Inc. Sec. Litig.*, 2016 WL 1399371, at *2 (9th Cir. Apr. 11, 2016) in support of the proposition that Movants should not be allowed to amend. ECF #149, at 9. The case is easily distinguishable as the *Netflix* district court dismissed the complaint with prejudice and the same plaintiffs requested an order altering the judgment for leave to amend without apparently any new

information. This is not the situation here.  Movants here believe the information necessary to properly amend the complaint to address the Court's concerns is obtainable and are working as quickly as possible to achieve this.  The investigation launched by the Movants had to quickly "gear up" upon hearing, on August 3, that the lead plaintiff had decided not to seek an extension or amend.

Defendants attempt to muddy the picture by conflating the decisions of Steamfitters with Read and Suzuki to argue that ample time has been granted to amend.  ECF #149, at 9.  Defendants also count Steamfitters' decision not to amend as somehow attributable to Movants' counsel. *Id*. at 10. As stated earlier, these are unreasonable arguments that deliberately ignore the Court's change of counsel. Movants' request to amend the complaint should be granted.

## V.    The Motion for Intervention Should be Allowed

Defendants cite *In re NYSE Specialists Sec. Litig.*, 240 F.R.D. 128, 132 (S.D.N.Y. 2007) for the proposition that Read's motion to intervene is improper. However, *NYSE Specialists* does not stand for the proposition that Read is *not permitted* to seek to intervene because he is already a party. *NYSE Specialists* instead held that a former lead plaintiff movant (who was a purported class member) is *not required* to intervene to challenge the plaintiff's lead plaintiff status.[4]  Defendants do

---

[4] The lead plaintiff being challenged, Empire NJ, had argued that the former lead plaintiff movant, Sea Carriers, did not have standing and thus was required to move for intervention rather than a moving to disqualify Empire NJ.  The court held that Sea Carriers did have standing as a purported class member.  In "an abundance of precaution," however, Sea Carriers moved to intervene in its reply brief. The court then held:

"Having determined that formal intervention is not necessary for Sea Carriers to challenge the adequacy of a lead plaintiff, in the alternative, a motion to intervene for that limited purpose would not be denied as untimely. *See Farmland Dairies v. Comm'r of New York State Dep't of Agric. & Markets*, 847 F.2d 1038, 1044 (2d Cir. 1988) (outlining factors for evaluating timeliness of a motion to intervene); see also, e.g., *In re Auction Houses Antitrust Litig.*, 158 F. Supp. 2d 364, 366 (S.D.N.Y.

not cite any cases which indicate Read is *not permitted* to seek to intervene.

Defendants also misstate case law citing *United Airlines, Inc. v. McDonald*, 432 U.S. 385, 396 (1977); *State of Alaska v. Suburban Propane Gas Corp.*, 123 F.3d 1317, 1320 (9th Cir. 1997); and *Jou*, 2015 WL 4537533, at *3 for the pronouncement that "it is well-settled that, while rarely granted, post-judgment intervention is permitted solely for purposes of an appeal." Yet none of these cases stand for the proposition that post-judgment intervention is permitted solely for purposes of an appeal. *United Airlines, Inc. v. McDonald* merely considered the issue of timeliness when an intervener does move for post-judgment intervention for purposes of an appeal. Similarly, in *State of Alaska v. Suburban Propane Gas Corp.*, intervention was sought for the sole purpose of appealing the denial of class certification. The court found the intervention proper ("[f]or the limited purpose of intervention to appeal from denial of class certification, the Supreme Court has held that the proper stage of the proceedings to intervene is after final judgment") again considering the issue of timeliness (which is governed by the time within which the named plaintiffs could have taken an appeal rather than the 3 factors of general intervention). The *Jou* opinion likewise states nowhere that post-judgment intervention is permitted solely for purposes of an appeal. These three cases then are merely examples of post-judgment intervention permitted for purposes of an appeal. They do not stand for any concept that post-judgment intervention is permitted solely for purposes of an appeal nor that post-judgment intervention is "rarely granted."

In addition to the timeliness arguments addressed above, Defendants argue that Sazuki's motion to intervene also fails because as the seller of put options, Suzuki's

---

2001) (granting motions to intervene for limited purposes of making and opposing a motion); *In re NASDAQ Mkt.-Makers Antitrust Litig.*, 164 F.R.D. 346, 351 (S.D.N.Y. 1996) (granting motion to intervene for limited purpose of making other motions)."

*In re NYSE Specialists Sec. Litig.*, 240 F.R.D. at 132, FN 6.

interest differs from the other members of the proposed class, who owned common stock. As stated above, however, the proposed class consists of all persons (other than Defendants) who purchased or otherwise acquired the *securities* of Amira pursuant and/or traceable to the Company's Registration Statement and Prospectus issued in connection with the Company's Initial Public Offering ("IPO") or purchased or otherwise acquired securities of Amira during the period between October 10, 2012 and August 20, 2015. ECF #77 ¶ 1.

As a member of the potential class, Suzuki's ability to protect his interest is affected by the case's dismissal without prejudice, and Suzuki has thus asserted an interest relating to the property or transaction which is the subject of the action; and is situated such that without intervention the disposition may impair or impede his ability to protect that interest. *Orange Cty. v. Air California*, 799 F.2d 535, 537 (9th Cir. 1986).

Finally, Defendants cite *Employers-Teamsters Local Nos. 175 & 505 Pension Trust Fund*, 498 F.3d at 925 and *Jou*, 2015 WL 4537533, at *4 for the proposition that Suzuki is free to file his own separate complaint (and therefore his ability to protect his interest is not affected by the case's dismissal without prejudice). ECF #149 at 12. It is unclear to what language in *Employers-Teamsters* Defendants are referring for this proposition. In that case, the court did acknowledge that the appellants could file a complaint in that matter when the tolling ended, but the court there also acknowledged uncertain case law as to whether the appellants there could file a different class action entirely. *Jou* is blatantly distinguishable from the present matter. *Jou* involved voluntary dismissal under pursuant to Fed. R. Civ. P. 41(a)(1)(A)(ii) under which parties are left as though no action had been brought. This is not the situation here.

## VI.   Read and Suzuki are Suitable Representative Plaintiffs

As is typical of investors seeking lead plaintiff status, both Movants have provided proof of their holdings at issue in this matter and have submitted their

losses.  *See* ECF #148-4 (Rosen Decl. Ex. 2).  Defendants object to the process (ECF #149, at 14), but, overall, courts have considered or acknowledged the ability to consider motions to disqualify, remove, withdraw, substitute, and add lead plaintiffs throughout the litigation of a securities class action. *See, e.g., In re Am. Serv. Group, Inc.*, No. 3:06-00323, 3:06-337, 3:06-341, 3:06-443, 2006 WL 2503648, at *4 (M.D. Tenn. Aug. 29, 2006) ("any plaintiff may move the Court for reconsideration of this appointment of the lead plaintiff"); *In re Xerox Sec. Litig.*, No. CIV.3:99CV2374(AWT), 2006 WL 1359339, at *1 (D. Conn. May 12, 2006) (considering motion to add or substitute lead plaintiffs); *In re Flight Safety Techs., Inc. Sec. Litig.*, 231 F.R.D. 124, 131 n. 6 (D. Conn. 2005) (acknowledging ability to entertain a motion to remove lead plaintiff); *In re Initial Pub. Offering Sec. Litig.*, 224 F.R.D. 550 (S.D.N.Y. 2004) (considering motions to withdraw, substitute, and add lead plaintiffs); *In re Terayon Commc'ns Sys., Inc.*, No. C 00-01967 MHP, 2004 WL 413277 (N.D. Cal. Feb. 23, 2004) (considering motion to disqualify lead plaintiffs); *In re Initial Pub. Offering Sec. Litig.*, 214 F.R.D. 117, 120–21 (S.D.N.Y. 2002) (establishing standard for deciding a motion for appointment of substitute lead plaintiffs); *In re Oxford Health Plans, Inc.*, 191 F.R.D. 369, 380–81 (S.D.N.Y. 2000) (considering motion to substitute lead plaintiff); *In re Portal Software, Inc. Sec. Litig.*, No. C-03-5138 VRW, 2005 U.S. Dist. LEXIS 41178 at *7-*15 (N.D. Cal. Mar. 9, 2005) (permitting addition of new plaintiff without repeating PSLRA's notice process, where additional plaintiff was required to represent interests of certain putative class members).

Contrary to Defendants' assertions, option sellers such as Suzuki are not subject to unique or special defenses.  *See In re Sci.-Atlanta, Inc. Sec. Litig.*, 571 F. Supp. 2d 1315, 1330 (N.D. Ga. 2007) (put option seller not subject to unique defenses for class certification purposes because seller anticipates that stock price will stagnate or rise, like stock purchaser); *In re Priceline.com Inc.*, 236 F.R.D. 89, 99 (D. Conn. 2006) (same); *Deutschman v. Beneficial Corp.*, 132 F.R.D. 359, 371 (D. Del. 1990);

---

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

*Moskowitz v. Lopp*, 128 F.R.D. 624, 631 (E.D. Pa. 1989)) (option traders may use the fraud-on-the-market presumption of reliance absent special circumstances); *In re Adobe Sys., Inc. Sec. Litig.*, 139 F.R.D. 150, 155 (N.D. Cal. 1991) (typicality requirement of Rule 23 was met for lead plaintiff options traders — since the value of options is directly related to the value of common stock"). Moreover, options traders have been found suitable to lead a class in a securities class action. *See In re Scientific-Atlanta, Inc. Secs. Litig.*, 571 Supp. 2d 1315, 1330-31 (N.D. Ga. 2007).

Finally, Defendants attempt to portray Read and Suzuki as "professional plaintiffs" because they are not institutional investors. Although institutional investors are sometimes given preference, Courts frequently appoint individual investors as lead plaintiffs.

## VII.  Conclusion

For the foregoing reasons, Movants respectfully request that the Court issue an Order: (1) granting Movants' Motion for Relief From This Court's Order on the Motion To Dismiss Under Fed. R. Civ. P. 60 (b) and Leave To Substitute Lead Counsel and Amend Second Amended Complaint; (2) appointing Robert Read and Hiroshi Suzuki as Lead Plaintiffs of the class; (3) approving The Rosen Law Firm P.A. and Safirstein Metcalf LLP as Lead Counsel; and (4) granting such other relief as the Court may deem to be just and proper.

1    DATED: September 15, 2016      Respectfully submitted,

2

3                          THE ROSEN LAW FIRM, P.A.

4                          /s/   Laurence Rosen, Esq.

5                          Laurence M. Rosen, Esq. (SBN 219683)

                         THE ROSEN LAW FIRM, P.A.

6                          355 South Grand Avenue, Suite 2450

7                          Los Angeles, CA 90071

                         Telephone: (213) 785-2610

8                          Facsimile: (213) 226-4684

9                          Email: lrosen@rosenlegal.com

10

11                          Peter Safirstein, Esq.

                         Elizabeth Metcalf, Esq.

12                          SAFIRSTEIN METCALF LLP

13                          1250 Broadway, 27th Floor

                         New York, NY 10001

14                          Telephone: (212) 201-2855

15                          Email: psafirstein@safirsteinmetcalf.com

16                                     emetcalf@safirsteinmetcalf.com

17                          [Proposed] Lead Counsel for Plaintiffs

18

19

20

21

22

23

24

25

26

27

28

---