UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 15-0957 FMO (PJWx) | Date | December 18, 2017 |
|---|---|---|---|
| Title | Robert Read, et al. v. Amira Nature Foods Ltd., et al. | | |

| Present: The Honorable | Fernando M. Olguin, United States District Judge | |
|---|---|---|
| Vanessa Figueroa | None | None |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorney Present for Plaintiff(s): | | Attorney Present for Defendant(s): |
| None Present | | None Present |

**Proceedings:**   (In Chambers) Order re:  Pending Motion

Having reviewed and considered all the briefing filed with respect to the "Motion for Relief from the Court's Order on the Motion to Dismiss under Fed. R. Civ. P. 60(b) and Leave to Intervene as Lead Plaintiff, Substitute Lead Counsel and Amend Second Amended Complaint" (Dkt. 148, "Motion"), the court finds that oral argument is not necessary to resolve the Motion, see Fed. R. Civ. P. 78; Local Rule 7-15; Willis v. Pac. Mar. Ass'n, 244 F.3d 675, 684 n. 2 (9th Cir. 2001), and concludes as follows.

### INTRODUCTION

Named plaintiff Robert Read ("Read") and movant Hiroshi Suzuki ("Suzuki") (collectively, "proposed lead plaintiffs") filed the instant Motion requesting that the court:  (1) remove Steamfitters Local 449 Pension Plan ("Steamfitters") as lead plaintiff and appoint Read and Suzuki as co-lead plaintiffs; (2) remove Steamfitters' selection of Labaton Sucharow, LLP ("Labaton Sucharow firm") as lead counsel;[1] (3) appoint proposed lead plaintiffs as lead plaintiffs and approve their selection of Laurence Rosen ("Rosen") of the Rosen Law Firm, P.A. ("Rosen Law Firm") and Peter Safirstein ("Safirstein") and Elizabeth Metcalf ("Metcalf") of Safirstein Metcalf LLP ("Safirstein Metcalf") as co-lead counsel; and (4) set aside the Court's Order of August 12, 2016, dismissing the action without prejudice and give the proposed lead plaintiffs leave to (a) file a Third Amended Complaint ("TAC") or (b) appeal the dismissal of the Second Amended Complaint (Dkt. 77, "SAC").  (See Dkt. 148, Motion at 1-2).

### BACKGROUND

On February 10, 2015, Read filed the original Complaint in this action alleging violations

---

[1] Robert Green of Green & Noblin, P.C. ("Green & Noblin firm") has and continues to serve as local counsel.  (See Dkt. 54, Court's Order of May 18, 2015, at 9-10) (appointing the Green & Noblin firm as local counsel).  The court presumes that proposed lead plaintiffs seek to remove the Green & Noblin firm as local counsel as well.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 15-0957 FMO (PJWx) | Date | **December 18, 2017** |
|---|---|---|---|
| Title | **Robert Read, et al. v. Amira Nature Foods Ltd., et al.** | | |

of the Securities Exchange Act of 1934, 15 U.S.C. §§ 78a, et seq., and the Securities Act of 1933, 15 U.S.C. §§ 77a, et seq.. (See Dkt. 1, Complaint at ¶¶ 9-13 & 65-102). The initial Complaint was drafted by the Rosen Law Firm and signed by Rosen. (See id. at p. 28; Dkt. 148, Motion at 2).

On April 13, 2015, four motions, two of which are relevant here, were filed to consolidate virtually identical actions, appoint lead plaintiff, and approve the selection of lead counsel. In the first motion, Steamfitters sought appointment as lead plaintiff and approval of its selection of Morgan & Morgan, P.C. ("Morgan & Morgan") as lead counsel. (See Dkt. 20, Steamfitters' Motion for Consolidation of Related Actions, Appointment as Lead Plaintiff of Class, and Approval of Selection of Counsel). When Steamfitters filed its motion, Safirstein and Metcalf (now counsel for Suzuki), were attorneys at the Morgan & Morgan firm. (See id. at 14).

In the second motion, Bernard Portnoy ("Portnoy") sought appointment as lead plaintiff and approval of his selection of the Rosen Law Firm (also counsel for Read) as lead counsel. (See Dkt. 17, Motion of Bernard Portnoy to Consolidate Related Actions and for Appointment as Lead Plaintiff and Approval of Choice of Counsel at 2). Portnoy, however, withdrew his motion before briefing was completed. (See Dkt. 34, Notice of Withdrawal of Lead Plaintiff Motion of Bernard Portnoy). Prior to the filing of the instant Motion, Read never sought appointment as lead plaintiff. (See, generally, Dkt.).

On May 18, 2015, the court appointed Steamfitters as lead plaintiff and approved its selection of Morgan & Morgan as lead counsel. (See Dkt. 54, Court's Order of May 18, 2015, at 10). Safirstein and Metcalf were the attorneys handling the case for Morgan & Morgan and thus representing Steamfitters. (See Dkt. 148-9, Declaration of Peter Safirstein [] ("Safirstein Decl.") at ¶ 3) (Safirstein and Metcalf "were the principal attorneys involved in the drafting of the First Amended . . . Complaint[] in this matter," "responsible for the investigation underlying the facts alleged in the Complaint[]," and were "handling motion practice in this matter.").

On June 1, 2015, Steamfitters filed the First Amended Complaint ("FAC"), which was principally drafted by Safirstein and Metcalf. (See Dkt. 56, FAC at p. 60) (FAC signed by Safirstein and Metcalf); (Dkt. 148-9, Safirstein Decl. at ¶ 3) (Safirstein and Metcalf "were the principal attorneys involved in the drafting of the First Amended . . . Complaint[] in this matter"). Rosen, the attorney for plaintiff Read, was served with the FAC, (see Dkt. 57, Certificate of Service at Notice of Electronic Filing) (providing that notice was provided to Rosen), as well as all documents filed in this case through the court's electronic filing system.

On September 17, 2015, Steamfitters filed the SAC (Dkt. 77), which also was principally drafted by Safirstein and Metcalf. (See Dkt. 77, SAC at p. 86) (SAC signed by Safirstein and Metcalf); (Dkt. 148-9, Safirstein Decl. at ¶ 3) (Safirstein and Metcalf "were the principal attorneys involved in the drafting of the . . . Second Amended Complaint[]"). Again, Rosen was served with the SAC. (See Dkt. 77, SAC at Notice of Electronic Filing) (providing that notice was provided to Rosen).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 15-0957 FMO (PJWx) | Date | **December 18, 2017** |
|---|---|---|---|
| Title | **Robert Read, et al. v. Amira Nature Foods Ltd., et al.** | | |

In April 2016, Safirstein and Metcalf left Morgan & Morgan and formed their own firm, Safirstein Metcalf. (See Dkt. 148-9, Safirstein Decl. at ¶¶ 1 & 8).

Also, in April 2016, Steamfitters filed a motion to change its selection of lead counsel from the Morgan & Morgan firm to Domenico Minerva at the Labaton Sucharow firm. (See Dkt. 120-1, Motion of Steamfitters [] for Approval to Change Lead Plaintiff's Selection of Lead Counsel at 1). Although Rosen, Safirstein, and Metcalf received notice of the motion to change lead counsel, (see id. at Notice of Electronic Filing) (providing that notice was sent to Rosen, Safirstein, ane Metcalf), no opposition was filed. (See, generally, Dkt.). On April 25, 2016, the court granted Steamfitters' unopposed motion to change its selection of lead counsel. (See Dkt. 140, Court's Order of April 25, 2016). Thus, as of April 25, 2016, Safirstein and Metcalf no longer represented Steamfitters and they should have been terminated as counsel on the case from the court's docket. In other words, Safirstein and Metcalf's pro hac vice status was effectively terminated as of April 25, 2016.

On July 18, 2016, the court granted defendants' motion to dismiss the SAC, and gave Steamfitters until August 4, 2016 to file a TAC. (See Dkt. 143, Court's Order of July 18, 2016, at 25). Again, Rosen, and Safirstein and Metcalf – who should have been terminated as counsel on the case – received notice of the Court's Order of July 18, 2016. (See id. at Notice of Electronic Filing) (providing that notice was provided to Rosen, Safirstein, and Metcalf).

On August 12, 2016, the court dismissed the action without prejudice and entered judgment for "lack of prosecution and failure to comply with orders of the court." (See Dkt. 144, Court's Order of August 12, 2016; Dkt. 145, Judgment). Specifically, the court noted that no TAC had been filed by Steamfitters. (See id.). Later on August 12, 2016, counsel from the Rosen Law Firm and the Safirstein Metcalf firm emailed defendants to meet and confer regarding the instant Motion. (See Dkt. 149-4, Declaration of Patrick C. Doolittle [] ("Doolittle Decl.") at Exhibit ("Exh.") 3) (August 12, 2016, email initiating meet and confer).

On August 15, 2016, three days after the court dismissed the case and 11 days before the instant Motion was filed, Safirstein and Metcalf, inexplicably, filed a Notice of Change of Attorney Business or Contact Information ("Notice"), even though they no longer represented any party in this action. (See Dkts. 146 & 147, Notice[s] of Change of Attorney Business or Contact Information). In fact, the Notice states that Safirstein and Metcalf are "former counsel of record for Lead Plaintiff Steamfitters Local[.]" (Id. at 1). Safirstein and Metcalf had no reason to file the subject Notices since they did not represent any party in the action and their pro hac vice status was deemed terminated as of April 25, 2016.

**DISCUSSION**

I.   RULE 41(b) OF THE FEDERAL RULES OF CIVIL PROCEDURE.

As an initial matter, the instant Motion does not address whether the court's dismissal of

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 15-0957 FMO (PJWx) | Date | December 18, 2017 |
|---|---|---|---|
| Title | Robert Read, et al. v. Amira Nature Foods Ltd., et al. | | |

the action was proper under Rule[2] 41(b) of the Federal Rules of Civil Procedure and related case law. (See, generally, Dkt. 148, Motion). Unless the proposed lead plaintiffs can demonstrate that the court improperly dismissed the action under Rule 41(b), there is no basis to consider any of the arguments raised by the proposed lead plaintiffs.

In any event, the court's dismissal under Rule 41(b) was proper. A district court may dismiss a plaintiff's complaint pursuant to Rule 41(b) when the plaintiff fails to amend the complaint or file a notice of intent not to amend the complaint. See Edwards v. Marin Park, Inc., 356 F.3d 1058, 1065 (9th Cir. 2004) ("a threatened Rule 12(b)(6) dismissal [ ] ferment[s] into a Rule 41(b) dismissal only upon a plaintiff's inaction"); Yourish v. California Amplifier, 191 F.3d 983, 989 (9th Cir. 1999) (affirming dismissal for failure to file an amended complaint or notice of intent); Ferdik v. Bonzelet, 963 F.2d 1258, 1261 (9th Cir.), cert. denied, 506 U.S. 915 (1992) (same). In other words, "[t]he failure of the plaintiff eventually to respond to the court's ultimatum – either by amending the complaint or by indicating to the court that it will not do so – is properly met with the sanction of a Rule 41(b) dismissal." Edwards, 356 F.3d at 1065. Here, lead plaintiffs neither filed a TAC nor a notice of intent not to amend the complaint. (See, generally, Dkt.).

In determining whether to dismiss lead plaintiffs' SAC pursuant to Rule 41(b), the court considered the following factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits." Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002), cert. denied, 538 U.S. 909 (2003). "Although it is preferred, it is not required that the district court make explicit findings in order to show that it has considered these factors[.]" Ferdik, 963 F.2d at 1261.

The first factor, the public's interest in the expeditious resolution of litigation, "always favors dismissal." Pagtalunan, 291 F.3d at 642; see Yourish, 191 F.3d at 990 ("Given the district court's superior position in evaluating the public interest in expeditious resolution of a particular case, [ ] this factor strongly favors dismissal."). The second factor, the court's need to manage its docket, also favors dismissal. Here, plaintiffs' "failure to amend ha[s] caused the action to come to a complete halt and ha[s] allowed the Plaintiff[ ] to control the pace of the docket rather than the Court." Yourish, 191 F.3d at 990 (internal quotation marks omitted).

The third factor, prejudice to defendants, also favors dismissal, because plaintiffs had three opportunities to amend their claims, and plaintiffs failed to file a TAC or notice of intent not to amend, which prevented the court from moving the case forward. Similarly, the fourth factor, the availability of less drastic sanctions, also favors dismissal, considering the multiple opportunities the court provided for plaintiffs to amend their claims. The fifth factor, the public policy favoring disposition of claims on their merits, weighs against dismissal. See Pagtalunan, 291 F.3d at 643. However, despite the policy favoring disposition on the merits, it remains plaintiffs' responsibility

---

[2] All "Rule" references are to the Federal Rules of Civil Procedure.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 15-0957 FMO (PJWx) | Date | December 18, 2017 |
|---|---|---|---|
| Title | Robert Read, et al. v. Amira Nature Foods Ltd., et al. | | |

to prosecute and move the case towards a final disposition.  See In re Eisen, 31 F.3d 1447, 1454 (9th Cir. 1994) (litigant has a responsibility "to move towards that disposition at a reasonable pace, and to refrain from dilatory and evasive tactics.").  Plaintiffs have not fulfilled that responsibility here.

The five-factor test for dismissal under Rule 41(b) is a disjunctive balancing test, so not all five factors must support dismissal.  See Valley Eng'rs Inc. v. Elec. Eng'g Co., 158 F.3d 1051, 1057 (9th Cir. 1998), cert. denied, 526 U.S. 1064 (1999) (noting that the five-factor test "amounts to a way for a district judge to think about what to do, not a series of conditions precedent" to dismissal); Hernandez v. City of El Monte, 138 F.3d 393, 399 (9th Cir. 1998) (the Ninth Circuit "may affirm a dismissal where at least four factors support dismissal, or where at least three factors strongly support dismissal.") (internal quotation marks and citations omitted).  Here, four of the five factors support dismissal of action.

II.   RULE 60(b) OF THE FEDERAL RULES OF CIVIL PROCEDURE.

Even if plaintiffs could show that the court abused its discretion by dismissing the action under Rule 41(b) as a sanction, see Ferdik, 963 F.2d at 1263 (court's dismissal of action for failure to file amended complaint is reviewed for abuse of discretion), the court would still deny the Motion on the merits.

Under Rule 60(b), the court may relieve a party from a final judgment, order, or proceeding for the following reasons: (1) "mistake, inadvertence, surprise, or excusable neglect;" (2) "newly discovered evidence that, with reasonable diligence, could not have been discovered" previously; (3) "fraud [], misrepresentation, or misconduct by an opposing party;" (4) "the judgment is void;" (5) "the judgment has been satisfied, released, or discharged;" or (6) "any other reason that justifies relief."  Fed. R. Civ. P. 60(b); see In re Sasson, 424 F.3d 864, 875 (9th Cir. 2005), as amended, (Sept. 13, 2005), cert. denied, sub nom., 547 U.S. 1206 (2006); Am. Ironworks & Erectors, Inc. v. N. Am. Constr. Corp., 248 F.3d 892, 899 (9th Cir. 2001).  "'Rule 60(b) relief is an extraordinary remedy and is granted only in exceptional circumstances.'"  Karraker v. Rent-A-Center, Inc., 411 F.3d 831, 837 (7th Cir. 2005) (citation omitted).  Plaintiff Read[3] "bears the burden of proving the existence of a justification for Rule 60(b) relief[.]"  Cassidy v. Tenorio, 856 F.2d 1412, 1415 (9th Cir. 1988).

---

[3]  Suzuki, a putative class action plaintiff, does not have standing to seek relief under Rule 60(b).  See Citibank Int'l v. Collier-Traino, Inc., 809 F.2d 1438, 1441 (9th Cir. 1987) (nonparty lacks standing to move for vacation of judgment under Rule 60(b)); Jou v. Kimberly-Clark Corp., 2015 WL 4537533, *4 (N.D. Cal. 2015) ("By its own terms, Rule 60(b) applies to 'a party' subject to final judgment[;]" a putative class action plaintiff is not a party for Rule 60(b) purposes since she "may file a new putative class action or individual action if her motion is denied"); In re Britannia Bulk Hldgs. Inc. Secs. Litig., 2010 WL 446529, *2 (S.D.N.Y. 2010) (putative class action plaintiff in securities class action is neither a "party" nor "legal representative" under Rule 60(b)(6)).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 15-0957 FMO (PJWx) | Date | December 18, 2017 |
|---|---|---|---|
| Title | Robert Read, et al. v. Amira Nature Foods Ltd., et al. | | |

Here, Read seeks relief under Rule 60(b)(6). (See Dkt. 148, Motion at 5-7). Rule 60(b)(6) permits reopening for "any . . . reason that justifies relief" other than the more specific reasons set forth in Rule 60(b)(1)-(5). Fed. R. Civ. P. 60(b)(6); see Gonzalez v. Crosby, 545 U.S. 524, 528-29, 125 S.Ct. 2641, 2645 (2005). "Rule 60(b)(6) has been used sparingly as an equitable remedy to prevent manifest injustice." United States v. Alpine Land & Reservoir, Co., 984 F.2d 1047, 1049 (9th Cir.), cert denied, 510 U.S. 813 (1993). To be entitled to Rule 60(b)(6) relief, "a party must demonstrate 'extraordinary circumstances which prevented or rendered him unable to prosecute [his case,]'" Lal v. California, 610 F.3d 518, 524 (9th Cir. 2010), or "circumstances beyond [his] control [that] prevented timely action to protect [his] interests." Alpine Land & Reservoir Co., 984 F.2d at 1049. Read contends that he is entitled to Rule 60(b)(6) relief because he "did not become aware of Steamfitters' final decision to neither file for an extension of time nor file an amended complaint until a day before the deadline this Court set for amending the SAC," which was August 3, 2016.[4] (Dkt. 148, Motion at 7). Read's contentions are unpersuasive.

Read cannot point to any circumstance beyond his control that rendered him unable to prosecute his case. Cf. Alpine Land & Reservoir Co., 984 F.2d at 1049 (Rule 60(b)(6) relief appropriate when there are "circumstances beyond [plaintiff's] control [that] prevented timely action to protect [his] interests."); Lal, 610 F.3d at 524 ("a party must demonstrate 'extraordinary circumstances which prevented or rendered him unable to prosecute [his case]'"). At multiple points during the course of the litigation, Read could have sought designation as lead plaintiff but apparently chose not to do so. A "court's order designating a lead plaintiff is not a conclusive, immutable determination of the issue." Z-Seven Fund, Inc. V. Motorcar Parts & Accessories, 231 F.3d 1215, 1218 (9th Cir. 2000). Nothing in the Private Securities Litigation Reform Act, 15 U.S.C. § 78u-4(a)(3), "requires a specific designation before a lead plaintiff designation can be re-opened." Id. Indeed, the court has a "continuing duty to see that a class is adequately represented by counsel." Id. (emphasis in original). Read did not file a motion to replace Steamfitters after: (1) Steamfitters' April 2016 motion to remain as lead plaintiff and substitute in the Labaton Sucharow firm as lead counsel, (see Dkt. 120-1, Motion of Steamfitters [] for Approval to Change Lead Plaintiff's Selection of Lead Counsel at 1); (2) July 18, 2016, when the court granted defendants' motion to dismiss, (see Dkt. 148-9, Safirstein Decl. at ¶ 6) (The Safirstein & Metcalf firm and the Labaton Sucharow firm had "numerous discussions . . . after July 18, 2016 and before August 4, 2016[;]" (3) August 3, 2016, when Read learned that lead plaintiff would not file an amended complaint, (see id.) (the Safirstein Metcalf firm "learned on the afternoon of

---

[4] Proposed lead plaintiffs' request to unconsolidate the actions, (see Dkt. 148, Motion at 2 n. 1), is denied because Read's allegations in the initial Complaint were subsumed into the FAC and SAC. See In re NVIDIA GPU Litig., 2009 WL 975530, *1 (N.D. Cal. 2009) (denying motion to unrelate and unconsolidate to the extent the putative class is subsumed in the consolidated class action); (Compare Dkt. 1, Complaint at ¶¶ 9-13, 34-55 & 65-96) with Dkt. 56, FAC at ¶¶ 1, 16-22, 50-93 & 137-170 and with Dkt. 77, SAC at ¶¶ 1, 28-33, 86-143 & 219-254) (Complaint subsumed by the class period, parties, and allegations in FAC and SAC).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 15-0957 FMO (PJWx) | Date | **December 18, 2017** |
|---|---|---|---|
| Title | **Robert Read, et al. v. Amira Nature Foods Ltd., et al.** | | |

August 3, 2016 that Labaton Sucharow would both not seek an extension of time to file an Amended Complaint and would not file a[ Third] Amended Complaint."); or (4) August 4, 2016, the deadline for filing a TAC. (See, generally, Dkt. 148, Motion; Dkt. 151, Memorandum in Further Support of [Motion] ("Reply")). Instead, Read sought appointment as lead plaintiff only after the court entered judgment dismissing the action. (See Dkt. 149-4, Doolittle Decl. at Exh. 3) (August 12, 2016, email initiating meet and confer).

"Rule 60(b)(6) should be only sparingly used and may not be employed simply to rescue a litigant from strategic choices that later turn out to be improvident." Espinosa v. United Student Aid Funds, Inc., 553 F.3d 1193, 1199 (9th Cir. 2008), aff'd., 559 U.S. 260 (2010). Here, it appears that Read seeks Rule 60(b)(6) relief to avoid the consequences of his strategic choice to rely on Steamfitters to incur the significant costs, time and risks of continuing the action, rather than undertake those costs and risks himself.[5]

III.    RULE 24 OF THE FEDERAL RULES OF CIVIL PROCEDURE.[6]

Under Rule 24(a), a court must permit any party to intervene in a lawsuit who "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." Fed. R. Civ. P. 24(a)(2). The rule is construed in favor of intervention. See Cabazon Band of Mission Indians v. Wilson, 124 F.3d 1050, 1061 (9th Cir. 1997), cert. denied, 524 U.S. 926 (1998). The court evaluates four criteria to determine whether intervention under Rule 24(a) is appropriate: (1) the motion to intervene must be timely; (2) the applicant must have a significantly protectable interest related to the property or transaction that is the subject of the action; (3) the applicant must be situated such that the disposition of the action may impair or impede the party's ability to protect that interest; and (4) the applicant's interest must be inadequately represented by the existing parties. See Arakaki v. Cayetano, 324 F.3d 1078, 1083 (9th Cir.), cert. denied, 540 U.S. 1017 (2003). The burden falls on the party seeking to intervene to show that all of the requirements for intervention have been met. See United States v. Alisal Water Corp., 370 F.3d 915, 919 (9th Cir. 2004).

---

[5] As Read acknowledges, to prepare a TAC, he and Suzuki need to "pool[] resources for this large and potentially costly endeavor," which comprises a "sophisticated investigation involving witnesses in India, Dubai, England, and the U.S.," (Dkt. 151, Reply at 2), and concomitant "delays due to time zone, distance, and language differences." (Dkt. 148, Motion at 12).

[6] Read, a named plaintiff in this action, cannot intervene in an action where he is already a party. See United States ex rel. Eisenstein v. City of N.Y., N.Y., 556 U.S. 928, 933, 129 S.Ct. 2230, 2234 (2009) ("intervention is the requisite method for a nonparty to become a party to a lawsuit.").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 15-0957 FMO (PJWx) | Date | **December 18, 2017** |
|---|---|---|---|
| Title | **Robert Read, et al. v. Amira Nature Foods Ltd., et al.** | | |

Regarding timeliness of the motion to intervene, the court evaluates the following factors: "(1) the stage of the proceeding at which an applicant seeks to intervene; (2) the prejudice to other parties; and (3) the reason for and length of the delay." Smith v. Los Angeles Unified Sch. Dist., 830 F.3d 843, 854 (9th Cir. 2016). "Where a change of circumstances occurs, and that change is the 'major reason' for the motion to intervene, the stage of proceedings factor should be analyzed by reference to the change in circumstances, and not the commencement of the litigation." Id. "[P]ostjudgment intervention is generally disfavored because it creates 'delay and prejudice to existing parties.'" Calvert v. Huckins, 109 F.3d 636, 638 (9th Cir. 1997).

Suzuki contends that he sought to intervene when the Labaton Sucharow firm made its decision not to file a TAC or seek an extension of time to file a TAC. (See Dkt. 148, Motion at 12). Even assuming Steamfitters' decision not to file an amended complaint constitutes a sufficient "changed circumstance," the Motion is nevertheless untimely, because – like Read – Suzuki did not take any action to intervene after: (1) Steamfitters' April 2016 motion to remain as lead plaintiff and substitute in the Labaton Sucharow firm as lead counsel, (see Dkt. 120-1, Motion of Steamfitters [] for Approval to Change Lead Plaintiff's Selection of Lead Counsel at 1); (2) July 18, 2016, when the court granted defendants' motion to dismiss, (see Dkt. 148-9, Safirstein Decl. at ¶ 6) (The Safirstein & Metcalf firm and the Labaton Sucharow firm had "numerous discussions . . . after July 18, 2016 and before August 4, 2016[;]" or (3) August 3, 2016, or even after August 4, 2016, the deadline for filing a TAC. (See, generally, Dkt. 148, Motion at 7-15; Dkt. 151, Reply at 6-8); see Nat'l Ass'n for the Advancement of Colored People v. New York, 413 U.S. 345, 367, 93 S.Ct. 2591, 2603 (1973) (post-judgment motion to intervene was untimely when movant had evidence that contradicted defendant's answer to complaint). Rather, Suzuki first took action on August 12, 2016, the day the court dismissed the action and entered judgment. (See Dkt. 149-4, Doolittle Decl. at Exh. 3) (August 12, 2016, email initiating meet and confer).

Suzuki also contends that his motion to intervene is timely because it was filed within the time allowed for filing an appeal. (See Dkt. 148, Motion at 11). "A motion to intervene seeking only to participate in the appeal is timely if filed within the time allowed for filing an appeal." United States v. State of Wash., 86 F.3d 1499, 1505 (9th Cir. 1996); see United States ex rel. McGough v. Covington Techs. Co., 967 F.2d 1391, 1395 (9th Cir. 1992) ("Although post-judgment motions to intervene are generally disfavored, post-judgment intervention for purposes of appeal may be appropriate if certain requirements are met[.]"). However, Suzuki's request to appeal appears to be only a minor part of his Motion. As noted earlier, no attempt was made by Suzuki or Read to demonstrate how the court erred in dismissing the action pursuant to Rule 41 or Rules 9, 12 and the Private Securities Litigation Reform Act, 15 U.S.C. § 78u-4(a)(3). In other words, given that Suzuki's Motion seeks "far more" (i.e., replace lead plaintiff and lead counsel and leave to file another complaint) than leave to appeal and that the Motion makes no attempt to explain the basis for Suzuki's appeal, the court declines to apply the timeliness analysis that would apply to a request to intervene for appeal purposes. See State of Wash., 86 F.3d at 1505 (declining to apply the timeliness analysis that would apply to an intervention limited to appeal when the intervening party "asked for far more" than a right to appeal).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 15-0957 FMO (PJWx) | Date | December 18, 2017 |
|---|---|---|---|
| Title | Robert Read, et al. v. Amira Nature Foods Ltd., et al. | | |

As to the remaining timeliness factors, none favor Suzuki. With respect to prejudice, nothing prevented Suzuki from filing his own putative class action. See Jou, 2015 WL 4537533 at *4 (a putative class action "may file a new putative class action or individual action if her motion is denied"). Regarding the reason for and length of the delay, the Motion is bereft of any explanation why Suzuki did not attempt to intervene between April 2016, when Steamfitters sought to select new lead counsel, and August 12, 2016, when the court dismissed the action and entered judgment. (See, generally, Dkt. 148, Motion).

In addition to not satisfying the timeliness requirement, Suzuki has failed to satisfy the other Rule 24(a) requirements. For example, as to impairment, nothing prevents Suzuki from filing his own putative class action complaint. See Jou, 2015 WL 4537533 at *4. Also, Suzuki's interest is adequately represented by existing parties, i.e., Suzuki is an Amira shareholder just like Read, and his interest arguably aligns with Read, a named plaintiff to this action. (See Dkts. 148-3 & 148-4, Declaration of Laurence M. Rosen ("Rosen Decl.") at Exhs. 1 & 2 (Read purchased 700 shares; Suzuki purchased 35 put options)). In short, the court finds that Suzuki has failed to satisfy the requirements for intervention under Rule 24(a).

Alternatively, under Rule 24(b), a court may grant permissive intervention where: (1) the applicant shows independent grounds for jurisdiction; (2) the motion is timely[7]; and (3) the applicant's claim or defense and the main action share a common question of law of fact. See Freedom from Religion Found., Inc. v. Geithner, 644 F.3d 836, 843 (9th Cir. 2011). "Even if an applicant satisfies those threshold requirements, the district court has discretion to deny permissive intervention." Donnelly v. Glickman, 159 F.3d 405, 412 (9th Cir. 1998). "In exercising its discretion, the district court must consider whether intervention will unduly delay the main action or will unfairly prejudice the existing parties." Id. In light of the court's conclusion as to Suzuki's Rule 24(a) motion to intervene, the court denies Suzuki's Rule 24(b) motion as well.

IV.  SUBSTITUTION OF LEAD PLAINTIFF AND LEAD COUNSEL.

Although the proposed lead plaintiffs suggest that moving for appointment as lead plaintiff is equivalent to a motion to intervene, (see Dkt. 148, Motion at 7-8 & 16-17), the standards could not be more different. See Employers-Teamsters Local Nos. 175 & 505 Pension Trust Fund v. Anchor Capital Advisors, 498 F.3d 920, 923 (9th Cir. 2007) ("The standards governing motions for intervention and for lead plaintiff status . . . could not be more different."). When appointing a lead plaintiff, "the court shall adopt a presumption that the most adequate plaintiff in any private action . . . is the person or group of persons that . . . has the largest financial interest in the relief sought by the class; and . . . otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I); see In re Cavanaugh, 306 F.3d 726, 730

---

[7] "In the context of permissive intervention, [the court] analyze[s] the timeliness element more strictly than [the court] does with intervention as of right," League of United Latin Am. Citizens v. Wilson, 131 F.3d 1297, 1308 (9th Cir. 1997).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 15-0957 FMO (PJWx) | Date | **December 18, 2017** |
|---|---|---|---|
| Title | **Robert Read, et al. v. Amira Nature Foods Ltd., et al.** | | |

(9th Cir. 2002). Lead plaintiff Steamfitters has a much larger financial interest than Suzuki or Read. (Compare Dkt. 20-4, Declaration of Robert S. Green [] ("Green Decl.") at Exh. C (Steamfitters purchased 14,921 shares), with Dkts. 148-3 & 148-4, Rosen Decl. at Exhs. 1 & 2 (Read purchased 700 shares; Suzuki purchased 35 put options)).

Read and Suzuki could have attempted to rebut the presumption that Steamfitters is the most adequate plaintiff by a showing that Steamfitters "will not fairly and adequately protect the interests of the class; or . . . is subject to unique defenses that render such plaintiff incapable of adequately representing the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II); see Cavanaugh, 306 F.3d at 730 (citing 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)). The instant Motion makes no attempt to rebut that presumption. (See, generally, Dkt. 148, Motion at 16-17; Dkt. 151, Reply at 8-10). Proposed lead plaintiffs acknowledge that in order to prepare a TAC, they need to "pool[] resources for this large and potentially costly endeavor," which comprises a "sophisticated investigation involving witnesses in India, Dubai, England, and the U.S." (Dkt. 151, Reply at 2). They have done nothing to rebut the presumption that Steamfitters, the plaintiff with by far the largest financial interest in the case, assessed the costs of the investigation and litigation and determined that such costs outweigh the potential recovery for the class.

Further, Safirstein's and Metcalf's conduct in this case seriously undermines the likelihood that Suzuki could rebut the presumption of Steamfitters' adequacy as lead plaintiffs and, more importantly, the Labaton Sacharow firm's adequacy as lead counsel. After the Labaton Sucharow firm was substituted in as lead counsel on April 25, 2016, Safirstein and Metcalf should have immediately withdrawn as counsel of record, since they no longer represented any party in the case. Instead, they waited four months, and only days before filing the instant Motion, to file a Notice of Change of Attorney Business or Contact Information. (See Dkts. 146 & 147, Notice[s] of Change of Attorney Business or Contact Information) (filed on August 15, 2016, or eleven days before the instant Motion). If Safirstein and Metcalf were truly counsel in the case, i.e., then they should have filed the Notice within five days of when they formed their firm in April 2016. See Local Rule 83-2.4 ("An attorney . . . who changes his or her . . . office address (or residence address if no office is maintained), law firm association (if any), telephone number, facsimile number or e-mail address must, within five (5) days of the change, notify the Clerk of Court in writing. If any actions are currently pending, the attorney or party must file and serve a copy of the notice upon all parties.").

The court also finds disingenuous Safirstein's and Metcalf's criticism that the SAC "fail[ed] to explain to the Court's satisfaction how [defendants' statements] were false or misleading," (Dkt. 148, Motion at 14), when they, themselves, "were the principal attorneys involved in the drafting of the First and Second Amended Complaints." (Dkt. 148-9, Safirstein Decl. at ¶ 3). Incredibly, despite Safirstein and Metcalf's involvement in the drafting of the FAC and SAC, they now ask that the existing parties wait for them to "beg[i]n their investigation" with new lead plaintiffs, because "they have not had sufficient time to draft and to include . . . a [proposed] third amended complaint." (Dkt. 148, Motion at 12); (see Dkt. 120-1, Motion of Steamfitters [] for Approval to Change Lead Plaintiff's Selection of Lead Counsel at Notice of Electronic Filing) (providing that

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 15-0957 FMO (PJWx) | Date | **December 18, 2017** |
|---|---|---|---|
| Title | **Robert Read, et al. v. Amira Nature Foods Ltd., et al.** | | |

notice was sent to Rosen, Safirstein, ane Metcalf); (Dkt. 143, Court's Order of July 18, 2016, at Notice of Electronic Filing) (providing that notice was provided to Rosen, Safirstein, and Metcalf); see Employers-Teamsters, 498 F.3d at 925 ("[S]ophisticated part[ies] who w[ere] on notice of the situation [] should have been prepared to file a complaint when and if the action was dismissed.").

Finally, the Motion never addresses whether: (1) there is a conflict between Steamfitters and the proposed lead plaintiffs; and (2) if so, whether Safirstein and Metcalf obtained written consent from Steamfitters to represented the proposed lead plaintiffs. (See, generally, Dkt.); see Cal. R. Prof. Conduct 3-310(C)(1) ("A member shall not, without the informed written consent of each client[ a]ccept representation of more than one client in a matter in which the interests of the clients potentially conflict"). Arguably, Steamfitters' interests conflicted with the interests of the proposed lead plaintiffs to the extent Steamfitters, the client and class representative, decided that its interests and the interests of the class members it was representing were best served by not filing an amended complaint.

The court is also troubled by Rosen's conduct. His attempt to re-start the case is unwarranted and unjustified, (see Dkt. 148, Motion at 12), particularly given that Rosen failed to diligently pursue this action on behalf of his multiple clients in this case. Read filed the initial Complaint, (see Dkt. 1, Complaint), but never sought appointment as lead plaintiff. (See, generally, Dkt.). Rosen sought lead counsel status via another client, Bernard Portnoy, (see Dkt. 17, Motion of Bernard Portnoy to Consolidate Related Actions and for Appointment as Lead Plaintiff and Approval of Choice of Counsel at 2), but withdrew that motion before briefing was completed. (See Dkt. 34, Notice of Withdrawal of Lead Plaintiff Motion of Bernard Portnoy). It was only after the court entered judgment dismissing the action that Rosen – for the first time – filed a motion to restart the litigation and seek lead plaintiff status on behalf of Read.

**CONCLUSION**

Based on the foregoing, IT IS ORDERED THAT:

1. Plaintiff Robert Read's and movant Hiroshi Suzuki's Motion for Relief from the Court's Order on the Motion to Dismiss Under Fed. R. Civ. P. 60(b) and Leave to Intervene as Lead Plaintiff, Substitute Lead Plaintiff and Amend Second Amended Complaint (**Document No. 148**) is **denied**.

2. The pro hac vice status of attorneys Peter Safirstein and Elizabeth Metcalf is hereby **vacated** nunc pro tunc as of April 25, 2016. The Clerk shall forthwith terminate attorneys Safirstein and Metcalf from the docket of this case.

Initials of Preparer      vdr